FINE *et al.*, Plaintiffs in Error, *vs.* GRAY, Defendant in Error.

1. Where the plaintiff in an ejectment suit dies, the suit may be revived in the name of his heirs or devisees.
2. Although under the new practice a party may be substituted *on motion*, yet it can only be on the voluntary appearance of the adverse original party, or after the service upon such party of a *scire facias*.
3. The provision in the revised code of 1845, that a *scire facias* for the substitution of a plaintiff in the place of the original, must be sued out before the expiration of the third day of the second term next after the term at which the death or disability of the original party shall be stated upon the record, is still in force.

*Error to St. Louis Court of Common Pleas.*

This was an action in the nature of ejectment, begun by Elisha Fine against Thomas Gray, on the 12th of November, 1850, in the St. Louis Court of Common Pleas. After issue joined, the plaintiff died, and his death was suggested at the September term, 1852, of said court, and the suit continued. At the February term, and on the 24th of March, 1853, Joshua Fine and others, to whom Elisha Fine devised the land in controversy, filed their motion to have the suit revived in their names. No *scire facias* was served on the defendant, nor did he appear. The motion was overruled and a writ of error sued out to this court.

*Krum & Harding*, for plaintiffs in error. This action is within the meaning of the 9th section, article 3 of the act of 1849, and did not abate by the death of the original plaintiff, but may be continued in the name of his devisees. The Su-

preme Court of New York has given a similar construction to a statute substantially like our's. 4 Howard's Prac. Rep. 358. The same rule existed as the law of practice stood before 1849, and an action of ejectment did not abate by reason of the plaintiff's death. R. C. 1845, sec. 4, art. 5. That the suit may be revived by *motion*, the statute itself provides. Act of 1849, art. 3, sec. 9.

*J. A. Kasson*, for defendant in error. Where the action of ejectment is brought, as in this state, in the name of a real plaintiff, and not of a fictitious lessee, the main action, that is for possession, must abate. This is not a claim on the part of an executor or administrator to come in and prosecute for the *damages ;* but of devisees of the title to recover possession. By the common law, the action abated on the death of the plaintiff. Tillinghast's Adams, 81. *Howard's lessee* v. *Gardiner*, 3 Harr. & McH. 98. *James* v. *Bennett*, 10 Wend. 540. In ejectment, the plaintiffs must show title in themselves before the ouster laid in the declaration. *Buxton* v. *Carter*, 11 Mo. Rep. 481. But these plaintiffs had no title prior to the ouster charged in the petition. Hence they could not recover *for the same cause of action*. They must allege an ouster subsequent to the commencement of the suit, which would be an anomaly in practice and an absurdity in law. The claim of survivorship is inconsistent with our special statute upon " Ejectment," which remains in force. R. C. 1845, §6, 10, 11, 14. The new code (art. 3, §9,) does not vary the former statutes in respect to the point before the court. It only applies, *if the cause of action survives or continues.* The case cited from 4 How. Prac. Rep. merely shows that by the special statue of New York, the action was made to survive. There the question was also raised upon the death of the defendant.

SCOTT, Judge, delivered the opinion of the court.

1. The question presented by this record is, whether if the plaintiff in an action in the nature of ejectment dies, the suit

can be revived in the name of the heirs or devisees ? The action of ejectment has been the only form of mixed or real action in which the title to lands has been tried in this state. The 4th section of the 5th article, Revised Code 1845, which is but a copy of a former law, enacts that, when there is but one plaintiff in an action, and he shall die before final judgment, such action shall not thereby be abated, if it might be originally prosecuted by the heirs, devisees, executors or administrators of such plaintiff; but such of them as might prosecute the same cause of action originally, may continue such suit upon the order of the court substituting them as plaintiffs therein.

The 9th section of the 3d article of the act of 1849, declares that no action shall abate by death, marriage, or other disability of a party, or by the transfer of any interest therein, if the cause of action survives or continues. This provision, it is conceived, does not in any wise affect the former one. If the cause of action survives or continues, it may be revived. The provision in the New York code is the same as ours, and under it the courts have held, that actions in the nature of ejectment may be continued against the heirs of the defendant, upon his death, they claiming to have succeeded to his rights. *Waldorph* v. *Bortle*, 4 How. 358.

2. There is no doubt that a party may be substituted on motion, but it must be on the voluntary appearance of the adverse original party, or after the service upon such party of a *scire facias*. Art. 5, sec. 16, R. C. 1845. The code is silent as to notice to the adverse party in making orders for the revival of suits. In the absence of such a provision, we must take the old law still to be the rule. Indeed, if the former law was looked upon as repealed, yet it would be against the first principles of justice to permit one party, without the consent or notice to the other party, to take a step in a cause which might defeat his adversary's action. The opposite party has a right to be heard on the motion. He may contest the fact on which it is founded, and without his consent, which is signified by his

voluntary appearance of record or notice to him, the court has no authority to take a step which may prove fatal to his rights.

3. The 18th section of the 5th article of the revised code of 1845 enacts, no *scire facias*, for the purpose of substituting a person as plaintiff or defendant in any suit, in the place of the original, shall be sued out after the expiration of the third day of the second term next after the term in which the death or disability of the original party shall be stated upon the record. This provision is considered as still in force, and as the motion for a revival was not made within the time within which a *scire facias* might issue, and as the opposite party did not consent, the motion for the revival in the names of the devisees was properly overruled. With the concurrence of the other judges, the judgment will be affirmed.