FERRIS' ADMINISTRATOR, Respondent, *vs.* HUNT, Appellant.

1. After the death of an administrator, plaintiff, a succeeding administrator was substituted as plaintiff, without the appearance of the defendant, or the service of a *scire facias*. The defendant afterwards appeared, and filed a motion to set aside the order of substitution, which being overruled, he appealed to the supreme court, where the order was set aside. *Held,* this was such an appearance by the defendant as dispensed with the necessity for a *scire facias* after the cause was remanded to bring him into court; being already in court, he might bé required to show cause against the proposed substitution, and upon his failure to do so, the order might be renewed.

### *Appeal from Washington Circuit Court.*

Action originally commenced before a justice of the peace in the name of Yates, administrator of Ferris, afterwards appealed to the Circuit Court, where, at the April term, 1853, Yates having died, Ashley, the succeeding administrator, was, on his motion, substituted as plaintiff, without the appearance of the defendant, or the service upon him of a *scire facias*. At the same term, judgment was rendered against the defendant, and he afterwards appeared and moved to set the same aside. His motion was overruled and he appealed to the supreme court, where the judgment was reversed and the cause remanded, on the ground that Ashley had been substituted as plaintiff, without the appearance of the defendant or a *scire facias* served upon him. (18 Mo. Rep. 480.) At the June term, 1854, of the Circuit Court, Ashley again moved for an order substituting him as plaintiff, having previously given the defendant notice of his intention so to do, but his motion was overruled, and he excepted. He then sued out a *scire facias*, returnable to the October term following. At the October term, the defendant appeared and moved to quash the *scire facias*, on the ground

Perkins v. Carter.

that it was sued out after the expiration of the third day of the second term next after the term at which the death of the original plaintiff was stated on the record. The motion was overruled, the court made an order substituting Ashley as plaintiff, and the case was called for trial. The defendant claimed a continuance, but it was not granted, and no further defence being made, judgment was rendered for the plaintiff, from which the defendant appeals.

Mr. *Noell*, for appellant, cited *Fine* v. *Gray*, (19 Mo. Rep: 33,) that the *scire facias* was too late.

LEONARD, Judge, delivered the opinion of the court.

The party's appearance in court and motion to set aside the order allowing the cause to be continued against him in the name of the deceased plaintiff's successor, was a sufficient appearance to have justified the court, upon setting that order aside, to require the party to show cause against the proposed substitution, and upon his failure to do so, to have renewed the order without any *scire facias* to bring him into court. When, therefore, the order was in effect set aside here, and the cause remanded for further proceedings, the court was then at liberty to proceed in the matter without a *scire facias*, the party being already in court—a party to this proceeding by his own voluntary appearance — and the proceeding to have the cause continued in the name of the present plaintiff may be considered as having been commenced on the day the party made his motion in court to set aside the order, and so is within the time allowed by the statute for that purpose.

The judgment is affirmed.