FARRELL'S ADMINISTRATOR, Plaintiff in Error, v. BRENNAN'S ADMINISTRATRIX, Defendant in Error.*

1. A failure to make all the representatives of a deceased plaintiff and a deceased defendant parties to the suit on or before the third term after the suggestion of the deaths, will cause the suit to abate only as to those representatives not brought in and made parties; it is error to order the suit to abate entirely.

2. Where, upon the decease of a party plaintiff, his administrator is made plaintiff as his representative, without the appearance of the defendant or notice to him, the irregularity will be cured by the appearance of both parties at a subsequent term, and the granting of a continuance on the motion of defendant.

*Error to St. Louis Circuit Court.*

This was a suit instituted in the St. Louis Circuit Court at the April term, 1850, by William Farrell, to set aside the will of Michael Farrell, plaintiff's brother, on the ground of mental imbecility and undue influence. The said will was duly proved. The petition made James Brennan, sole devisee under said will, defendant. James Cox and Esther his wife, Joseph Larkin and Andrew Larkin—said Esther, Joseph and Andrew being, as was alleged, co-heirs with the plaintiff of

---

* This case was decided at the October term, 1856, of the Supreme Court. It was overlooked by the Reporter. A motion to quash the writ of error was filed in behalf of the defendant in error, on the ground that a writ of error would not lie; that the decision of the Circuit Court could be reviewed upon an appeal only. R. M. Field, in support of the motion to quash, maintained that a writ of error only lies to a court proceeding according to the course of the common law; (Bac. Abr. A. 3;) that in the present case the Circuit Court was exercising no jurisdiction according to the common law, but was acting as an appellate probate court, and was administering the same law as the English ecclesiastical courts modified by particular statutes; (Malone v. Hobbs, 1 Rob. Va. 346; Coalter v. Bryan, 1 Gratt. 18;) that the statute has restricted the rights of the parties in this proceeding to a correction of errors below to an appeal; (R. C. 1845, tit. Wills, § 32;) that in all probate cases an appeal only is given by the statutes from the lower to the higher court; (R. C. 1845, tit. Courts, Judicial Power, § 13 et seq; ib. tit. Administration, art. 8, § 1, et seq;) that the language of the first section of the statute relating to practice in Supreme Court was interpreted in Anderson v. Biddle, 9 Mo. 580. The motion was overruled.—[REP.

the testator—were made co-defendants pursuant to article 3, section 7, of the practice act of 1849. The petition alleged that the said Michael Farrell, by the will sought to be invalidated, devised all his property, real and personal, to James Brennan. Process issued against all the defendants, but service was had only on Brennan. Brennan answered, asserting the validity of the will. At the November term, 1850, the death of James Brennan was suggested, and Anne Brennan, his widow and administratrix, voluntarily appeared and was made a party defendant. At the November term, 1852, the death of William Farrell, plaintiff, was suggested, and A. J. P. Garesché, his administrator, appeared and was made plaintiff. There was no appearance on the other side. At April term, 1853, both parties appearing, the cause was continued on motion of defendant. At the November term, 1854, the court made the following order : " The original parties to this suit having departed this life, and their proper representatives not having been brought before the court, on motion it is ordered and adjudged by the court that this suit abates." The motion for judgment of abatement was made in behalf of defendant, Brennan's administratrix. No steps had been taken to bring in the non-resident defendants. Plaintiff moved to vacate the said order and to reinstate the cause. Affidavits were filed in support of this motion, showing why it was that the public administrator of St. Louis county, into whose hands the estate of Michael Farrell, defendant's alleged testator, passed upon the death of James Brennan, was not made a party. It also appeared therefrom that the whole estate of Michael consisted of personal property. The court overruled the motion.

*T. Polk* and *A. J. P. Garesché* for plaintiff in error.

I. The action did not abate by death of either plaintiff or defendant. (R. C. 1845, p. 1083, § 31, et seq., p. 824, § 4 & 5; Practice Act of 1849, art. 3, § 9.) The record shows that on the death of the defendant, James Brennan, the appearance of his administratrix was entered by consent of plaintiff, as well as of herself. This order substituting the

administratrix of Brennan as party in his stead was upon the appearance of the plaintiff and therefore regular. (R. C. 1845, p. 824, § 16.) Although the record does not show that at the time the administrator of the plaintiff entered his appearance there had been service of *scire facias* upon the opposite party, or that said party appeared and consented thereto, yet it does show that afterwards said party appeared and moved the court for a continuance of the cause, and made no objection to the entering of the appearance of the administrator of plaintiff. This obviates the necessity of a *scire facias*, or of the appearance of defendant at the time of substitution. The appearance of the administratrix of defendant and the administrator of plaintiff having been entered, it was error to order the suit to be abated. As to the personalty of the estate of Michael Farrell, the administrators of both plaintiff and defendant were their proper legal representatives. Unless therefore that estate consisted of realty these administrators were proper parties. The record does not show that the estate was exclusively real estate; on the contrary, the bill of exceptions shows that it consisted exclusively of chattel interests. The administrators were therefore proper parties, and it was error to order the suit to be abated, even though other persons ought to have been brought in as parties.

*R. M. Field,* for defendant in error.

I. The principal question in the present case is as to the proper parties in a proceeding under the statute to set aside the probate of a will. The general rule at law and in equity is that all persons who have a material and direct interest in the subject of litigation are necessary parties. (1 Chit. Pl. 10, 47, 73; Sto. Eq. Pl. 86 et seq.; Calvert on Parties, 1, 151.) The distinction between courts of law and equity in this respect will be found to arise principally from the character of the interest—courts of law paying no regard to any interest save such as is strictly legal, while courts of equity look as well to the beneficial as the legal interest. The new practice act of 1849, art. 3, secs. 1 & 7, has in the main adopted the rule of equity, with this modification, that the

holder of the naked legal title is no longer any necessary party when no relief is sought in his behalf against him. In the case of the death of a party *pendente lite*, a suit at law always abated, but the rule was otherwise in equity. The defect in the practice at law has been remedied by various statutes, but these statutes have ceased now to be of any importance since the new practice act has applied to all cases the rule of practice in equity. (Art. 3, sec. 12.) The rule in equity has always been, that in case of the death of a party the suit must be revived in the name of the person succeeding to the interest of the deceased party as it appears on the face of the pleadings. If the party was suing or defending in an official or fiduciary capacity, his proper representative would be the successor to the office or trust. If the suit concerned the real estate of the deceased, it must be continued in the name of the heir ; if personal, in the name of the executor ; and if both real and personal estate, then in the names of both heir and executor. (Sto. Eq. Pl. § 354 et seq. ; Calvert, 151, 219.) The rule as just stated has always prevailed in Missouri, although the formal mode of revivor is much simplified by the act regulating practice in chancery. (R. C. 1845.) This article was applied to all cases by the new practice act of 1849. (Art. 3, secs. 12.) According to the provisions of the 19th and 20th sections of the article just mentioned, a suit not revived within three terms after the suggestion of the death stood absolutely abated.

The object of the suit before the court was to set aside a will purporting on its face to dispose of real and personal property. William Farrell was plaintiff, suing as well for himself as for his co-heirs, who were formal defendants. The only real defendant was James Brennan, who as executor of the will was entitled to the personal estate, and as devisee, entitled to the real estate. At the November term, 1851, the death of Brennan was suggested and his compound character became dissolved. His rights as executor passed to the administrator *de bonis non* of the testator ; his rights as devisee were transmitted to his heirs. Plainly, the proper defendants

in renewing the suit were the administrator *de bonis non et cum test. annexo* of Michael Farrell, the testator, and the heirs of James Brennan, the devisee. But at the date of the judgment of abatement, more than five terms after the suggestion of Brennan's death, none of these parties were before the court. Anne Brennan, the administratrix of the original defendant, was certainly no necessary party to the suit; but as she had ultimately an interest in the controversy, she was very properly permitted *ex gratia* to defend *pro interesse suo.* It is manifest that at this moment there is no substantial defendant on the record. Upon the death of William Farrell, the plaintiff, his interest in the personal estate of Michael Farrell passed to his administrator, and the latter was doubtless a proper party to the suit when revived. But his interest in the real estate descended to his heirs, and they were necessary parties as the representatives of that interest. More than three terms after the suggestion of William Farrell's death had elapsed before the judgment of abatement, and the heirs were not made parties.

II. There is a plain irregularity in the appearance of the administrator of William Farrell. It took place without any citation of adverse parties, and, as it were, behind the backs of those interested in the controversy.

III. The allegation that the estate of Michael Farrell consisted of personal property only, supposing it be fully proved by the plaintiff's *ex parte* affidavits, would not avail the plaintiff; for it so happens that the administrator who succeeded Brennan in the administration of that property under the will was not brought into court. But the conclusive answer to the plaintiff's affidavits is, that the question of the proper parties in the actual state of the proceedings must be decided by the case made in the pleadings, and can never depend on any outside proofs.

The section of our law under which the present suit was instituted is borrowed from the Virginia statute of 1785. (12 Henn. Stat. 142, sec. 11.) The course of proceeding under this statute is explained by Judge Baldwin, in Malone

v. Hobbs, 1 Rob. 346.　See also Coalter v. Bryan, 1 Gratt. 18.　In Kentucky the provisions of the Virginia act were adopted in 1797.　(2 M. & B. Dig. 1543, sec. 11.　And see the exposition of the law in Rogers v. Thomas, 1 B. Monroe, 390 ; Livingston v. Livingston, 8 B. Mon. 240 ; Tibbats v. Barry, 10 B. Mon. 473.)　Missouri borrowed the Virginia act as early as 1807.　(1 Terr. Laws, 133, sec. 28.)　It has continued in force ever since.　(See Swarey v. Blackman, 8; Ohio, 5 ; Johnston v. Glumock, 2 Ala. N. S. 218; Moore v.. Guent, 8 Texas, 117.)

SCOTT, Judge, delivered the opinion of the court.

We see no warrant in the law for the action of the court; below in abating this suit.　The question is not, who are all the proper parties to the proceeding; but whether there were; any of the proper parties in court when it was abated.　The; 12th section of the 3d article of the practice act of 1849 enacts that " suits may be revived in the cases and in the manner and with the effect now provided in article 5 of practice· in chancery, so far as may be consistent with the provisions. of this act."　Now if, as contended for by the defendant in error, this section continues in force the 19th section of the; 5th article of the act concerning chancery practice (R. C. 1845, p. 850), we see no authority in that section to sustain the action of the court below.　The section referred to; provides that " in all cases where the representatives of a deceased complainant or defendant shall not be made parties, according to the provisions of this act, on or before the third' term after the suggestion of the death, the suit shall abate as to such deceased party and the interest of his representatives therein, and the cause shall proceed in favor of and against the; survivors."　Now there being both a plaintiff and defendant in being on the record, it is obvious that this section conferred on the court no authority to abate the entire proceeding. The most that could have been done was to have abated it as to those who had not been brought in as required by law.　It is singular, if the fact is as it is represented to be, that

7—VOL. XXV.

there is no real estate, the party did not amend his petition so as to remove this strife about parties.

It was said that the appearance of the representative of the plaintiff was made without notice to the opposite party. This irregularity was cured by the subsequent steps taken in the cause. At a term afterwards, both parties appeared, and the cause was continued for the reason that no notice of the revival had been given. This surely healed the error of the omission. The other judges concurring, the judgment will be reversed, and the cause remanded.