————o————

THOMAS RUTHERFORD, Appellant, *vs.* OLLY WILLIAMS' LEGAL REPRESENTATIVES, Respondents.

1. *Practice, civil—Abatement of suits—Scire facias—Failure to bring in defendant —Affidavit—Diligence, what insufficient.*—The statute concerning the abatement and revival of suits (Wagn. Stat., 1049) is in the nature of a special statute of limitations, and after the period therein limited no writ of *scire facias* can issue. Were the law otherwise, an affidavit by counsel for plaintiff, that he heard the attorney for defendant suggest his death and ask permission to bring in his legal representative, and from a conversation with said representative he got the impression he had been brought in, was held an insufficient excuse for failure to take the steps on behalf of plaintiff required by the statute.

2. *Practice, civil—Abatement of suits—Suggestion of death—Exhibition of demand against administrator.*—The provision of the administration law, allow-

ing two years within which to exhibit demands against an estate, does not render nugatory the requirement that the legal representatives of a deceased party must be brought in on or before the third term after the suggestion of his death.

*Appeal from St. Louis Circuit Court.*

*T. B. Childress,* for Appellant.

*Cline, Jamison & Day,* for Respondents, cited Ferris vs. Hunt, 18 Mo., 480; Fine vs. Gray, 19 Mo., 33; Harkness vs. Austin, 36 Mo., 47; Ranney vs. Bostic, 15 Mo., 215.

HOUGH, Judge, delivered the opinion of the court.

At the April term, 1871, of the St. Louis circuit court, after this cause had been brought to issue, a suggestion of the death of Olly Williams, the sole defendant therein, was entered of record, and the cause was continued. At the April term 1872, more than three terms having elapsed after the suggestion of death, without any steps having been taken to bring in the legal representatives of said Williams, the plaintiff's suit was dismissed by the court. At the same term, James R. Shields, of counsel for the plaintiff, made application to the court to reinstate said cause, and filed an affidavit, stating in substance, that he was present in court when the death of defendant Williams was suggested, and that M. O'Reilly, who made said suggestion, at the same time asked that he might bring in the legal representative of the deceased; that affiant was thereby impressed with the belief that said representative would come into court, without action on the part of plaintiff's attorney to bring him in by process, and being so impressed, and believing that said representative was in court, he had no process issued; that affiant subsequently conversed with said representative about the trial of said cause and left him with the impression that he was in court, and would be ready for trial; and that affiant prepared for trial, and afterwards learned with surprise that said cause had been dismissed while affiant was absent trying a cause in another court; that plaintiff has a good cause of action, and affiant

was misled and deceived by the conduct of defendant's counsel and, hence, had no process issued. There was a counter affidavit by M. O'Reilly to the effect that he was not and never had been counsel for Williams, that he suggested his death at the request of Mr. Mead, who had been his counsel, but neither asked leave, nor promised, to bring in his legal representative.

On the 7th of June, following, an order was made setting aside the order dismissing said cause, and reinstating the same on the docket of said court; and on the 17th day of June process was issued against the legal representative of said Williams, which was served. On the 12th day of October, 1872, an answer was filed to the *scire facias* stating the foregoing facts and praying that said writ might be quashed and said cause be stricken from the docket.

The right of the circuit court to reinstate said cause, after it had been dismissed, was certified as a reserved point for the consideration of the court sitting in General Term; and it was there decided, that the order of dismissal was improperly set aside. On Sept. 25th, 1874, the suit was again dismissed on motion in accordance with the advice of General Term. From this judgment, which was afterwards affirmed at General Term, the plaintiff has appealed to this court.

There is no error in the judgment appealed from. The plaintiff was not entitled to a trial on the answer filed to the *scire facias* before the court acted on the motion to dismiss. The writ had been improvidently issued, and, being without authority of law, the plaintiff acquired no rights by the proceedings had thereunder, and the court did right to disregard them. The statute, in relation to the abatement of suits and their revival, is in the nature of a special statute of limitations, and, after the expiration of the time therein limited, no writ of *scire facias* can issue; and it is very questionable whether heirs, devisees or creditors, would be bound by any appearance on the part of an administrator, after the lapse of such period.

No provisions are made for extending the time so limited under any circumstances; the language of the statute seems

to be imperative, and we are not now prepared to say that there are any exceptions to its requirements. We are very clear, however, that if exceptions could be made, the statements contained in the affidavit of plaintiff's attorney were insufficient to excuse his failure to take the steps pointed out by the statute. To have been so misled may be a serious misfortune, but that cannot alter our duty. The records, showing that no appearance had been entered within the time prescribed by law, were open to the inspection of all, and it would have been prudent under the circumstances to have consulted them. There does not seem to have been any misrepresentation in the matter, and the case is simply one of false inferences. It has been argued with apparent earnestness, that, to give the construction which we have given to this statute, will destroy the unity and consistency of our law, and that it should be so construed as to harmonize with that provision of the administration law, which allows two years in which to exhibit demands against an estate after notice of letters granted, otherwise the diligent creditor will have less time allowed him than the dilatory one. The statute itself is a sufficient answer to this argument, but it may not be out of place to say, that on the same principle a creditor, who exhibited his demand immediately after the grant of letters, would be entitled to claim, if he so desired, a continuance of his case for the full period allowed other creditors, in which to present their demands. There is no force in the suggestion.

Judgment will be affirmed. All the judges concur except Judge Vories, who is absent.