Prior v. Kiso.

PRIOR, *Plaintiff in Error*, v. KISO, *Administratrix*.

1. **Attorney:** AUTHORITY TO ENTER APPEARANCE IN A SUIT. One who is not the personal representative of a deceased party to a suit cannot authorize an attorney to enter his appearance in the suit as such representative.

2. ———— : ———— : DEATH OF CLIENT. So an attorney of a deceased party to the suit cannot, after such decease, further appear in the cause without a new retainer from the proper legal representative.

3. **Practice in Supreme Court:** REVIVOR : STATUTE. There should be entered an order stating the name and capacity of the representative or successor of a deceased party, as required by Revised Statutes, sections 3663 and 3664, before Revised Statutes, section 3668, can operate as a special statute of limitations to prevent a revivor against such representative or successor after the lapse of the third term of court following the suggestion of death.

4. ———— : DEATH OF ONE OF SEVERAL DEFENDANTS IN ERROR. Where only one of several defendants in error dies, the death should be suggested and the writ will then proceed without abatement, as at common law, the surviving defendants in error representing, so to speak, the decedent. (R. S. secs. 3766, 3767).

5. ———— : ———— : REVIVOR. Where the judgment in such case is reversed, the revivor against the representative or successor of the deceased party can be had in the lower court to which the cause is remanded.

*Error to Cole Circuit Court.*—HON. E. L. EDWARDS, Judge.

REVERSED AND REMANDED.

*Edwin Silver*  for plaintiff in error.

(1) The lower court should  have sustained motion of plaintiff in error, that the  mistake as to the revival of the cause against Hannah  Kiso as  executrix be corrected, and that she, as administratrix of  John C. Kiso, be substituted as a party, and that the cause be  revived against her as said administratrix.    *Williams v. Engle-brecht*, 38 Ohio St. 97 ;  *Black v. Hill*, 29  Ohio St. 88 ; 2 Tidd's Prac. 1163 ; R. S. secs. 3766, 3767.   Plaintiff's motion to substitute Hannah Kiso as  administratrix, in lieu of her as executrix, was in the  nature of a writ of error *coram nobis* to correct a  judgment because of an error in fact in the proceedings.    *Ex parte Toney*, 11 Mo. 661 ;  *Powell v. Gatt*, 13  Mo. 458 ;  *Latshaw v. McNees*, 50  Mo. 381 ;  *Craig v. Smith*, 65 Mo. 536 ; *Stacker v. Cooper*, 25 Mo. 401 ;  *Ex parte Gray*, 72 Mo. 160.    (2) The defendant in error, at the December  term, 1884, of the trial court, suggested the  death of  John C. Kiso, and entered  her voluntary  appearance as his administratrix.    Having herself made the suggestion of death for the first time in  the trial court, and entered her appearance as administratrix, the  suit thenceforth stood revived as to her.    The plaintiff  was entitled at least to a *scire facias* as asked by him, requiring her to show cause why it should not stand revived.    He asked for the *scire facias* at the same  time of the suggestion of death, but it was denied.    (3) The statute of limitations does not run in favor of an estate during  the  time there is no administration on it.    *McKinzie v. Hill*, 51 Mo. 303 ;  *McDonald v. Walton*, 2 Mo. 726 ;  *Polk v. Allen*, 19 Mo. 467.   If section 3663, Revised Statutes, requiring a revivor within three  terms after suggestion of death, applies to proceedings pending in the supreme court (which we do  not  concede), still it can only be regarded as a special statute of  limitations, and there is no more reason why it should  run  while  there is no

administration, than any other statute of limitation.
(4) Section 3766, Revised Statutes, provides that if one
or more.of several appellants or defendants in error die
before joinder in error, such death shall be suggested
by the survivor, and they shall plead to the assignment
of errors. This provision manifestly means that the
survivor shall represent the deceased for the purposes of
the appeal or writ of error, and that the death was not
to affect the proceeding. See also section 3767, when
death occurs after assignment of error. The judgment
being one at law, and therefore an entirety, was reversed
as to all.the defendants, regardless of whether John C.
Kiso's representative was in court or not. *Ins. Co. v.
Clover*, 36 Mo. 392; *Pomeroy v. Betts*, 31 Mo. 419; *Rush
v. Rush*, 19 Mo. 441. Such being the case, the plaintiff
could proceed to revive against the administratrix in the
trial court, and prosecute his action against her. 38 Ohio
St. 97. The judgment having been reversed, it was
annulled, and all the subsequent proceedings arise on
the original cause of action. *Lewis v. Railroad*, 59
Mo. 503.

*Ryors & Vosholl* for defendant in error.

(1) Plaintiff could acquire no rights under the writ
of *scire facias* after more than three terms of court
had passed. *Gallagher v. Delarey*, 57 Mo. 34; *Ruther-
ford v. Williams*, 62 Mo. 252. (2) Mr. Belch did not
have a legal right to appear for the real or imaginary
representative without being employed. With the death
of John C. Kiso his employment ceased. Story on
Agency [7 Ed.] sec. 495.

SHERWOOD, J.—This case has been here before. Its
first appearance is recorded in 81 Mo. 241. There were
several defendants then ; there is but one now. John C.
Kiso was one of them. Judgment went in their favor in

1879, and the plaintiff brought up the case on writ of error in 1880. While it was pending in this court, and on January 12, 1881, John C. Kiso died, and his death was suggested at the October term of that year, and at the same term the cause was attempted to be revived as to him, by entering, by consent, the appearance of his alleged executrix, Hannah C. Kiso. At that time the cause had not been submitted, nor as appears from the record, was it submitted until after such substitution and revivor. When errors were assigned, the cause was submitted at the October term, 1883, and resulted in the judgment being reversed and the cause being remanded March 24, 1884.

The cause went back to the circuit court in the year last mentioned, and on the first day of the May term, 1884, the plaintiff in open court dismissed his suit as to all of the defendants in the cause, except the defendant John C. Kiso. It turned out that Hannah Kiso had *never been the executrix* of the will of her deceased husband, but on October 23, 1884, she took out letters of administration with the will annexed. At the December term next following, the death of the defendant John C. Kiso was suggested, but by whom the suggestion was made does not appear, but on the same day she entered her appearance in the cause in the circuit court, in her capacity as testamentary *administratrix*, waived service of *scire facias* upon her, to the same extent as if she had been served with the writ, but not otherwise, and by special motion, in the nature of a plea to the jurisdiction, moved the court to dismiss the cause as to her. The motion was as follows: " And now comes Hannah Kiso, widow of John C. Kiso, deceased, and administratrix with the will annexed of the estate of John C. Kiso, and hereby waiving the service of any writ of *scire facias* upon her as said administratrix herein, enters her appearance as such administratrix to the same extent as though she had been duly served with process, but not otherwise, reserving to herself all

and any rights and defenses in law and equity in this cause
that may hereafter become necessary and proper.  And
the said Hannah Kiso, administratrix as aforesaid,
respectfully shows to this court that she is not a proper
or necessary party to this suit ; that at the December
term, 1879, of this court, there was a final judgment in
favor of said John C. Kiso and all the other defendants
herein ; that thereupon an appeal was taken to the
supreme court of this state by the plaintiff herein, and
that pending said appeal in said supreme court, the said
John C. Kiso, on the twelfth day of January, 1881, died
in Osage county, Missouri, leaving a will, and that no
letters testamentary were ever granted to any one by
the probate court of Osage county until the twenty-third
day of October, 1884, when the said Hannah Kiso took
out such letters ; that at no time prior to final decision
of this cause in the supreme court was this Hannah Kiso,
or any one else, made a proper party to this suit in said
court, nor was there in truth or fact any legal represen-
tative, executor or administratrix of the estate of John
C. Kiso, appointed or in existence, except as herein-
before set out ; and Hannah Kiso now says, that by the
death of the said John C. Kiso, and the failure of plain-
tiff to bring in by proper process the heirs and legal
representatives of said John C. Kiso, the cause of action
as to said John C. Kiso wholly abated, and that there is
no judgment, legal or valid, against said John C. Kiso in
said court, and the judgment heretofore rendered in this
cause in this court is final and absolute, and a bar to
any other proceedings against this Hannah Kiso, admin-
istratrix with the will annexed of John C. Kiso,
deceased.   And the said Hannah Kiso further says, that
the plaintiff herein had full knowledge of the death of
John C. Kiso shortly after his said decease ; that a final
decision was rendered in the supreme court of Missouri
on March 20, 1884, and that this Hannah Kiso was never
legally, or by her consent or with her knowledge made
a party to said suit heretofore in any court, and never

authorized any one to enter her appearance, and was not in truth and fact at any time executrix of the last will of John C. Kiso, deceased, but became the administratrix with the will annexed, and obtained letters of administration from the probate court of Osage county, Missouri, on the twenty-third day of October, 1884, and that no letters of administration were granted to any one on said estate of John C. Kiso prior to said date, and the said probate court of Osage county, Missouri, had, during all that time and then and there, the sole jurisdiction and authority to grant and issue such letters ; and by reason of the premises the said Hannah Kiso says that plaintiff should not be permitted to further proceed against her, and that she may be hence discharged with costs.'' This motion was duly verified by affidavit of said Hannah.

On the second day of the May term, 1885, she filed an affidavit of her attorney in support of her previous motion to dismiss, which affidavit is the following : ''Now comes Hannah Kiso, administratrix of the estate of John C. Kiso, deceased, by Rudolph Hirzel, her attorney, and respectfully shows to the court in support of the motion to dismiss as to her heretofore filed in this court, that the death of her late husband John C. Kiso, formerly defendant herein, was suggested at the October term, 1881, of the supreme court of Missouri, and that at the same term on the records of said court the appearance of Hannah Kiso, as executrix of John C. Kiso, was entered by J. Ed. Belch, Esq., who was and claimed to be one of the attorneys of John C. Kiso, deceased, but who in truth and fact never was employed by or the attorney of the said Hannah Kiso ; that said cause was finally decided at the October term, 1883, of said supreme court, and that the said Hannah Kiso, neither in her own person nor as administratrix was ever made a party to this suit, and that the said Hannah Kiso was never brought into court and never became the personal representative of John C. Kiso, until October, 1884 ;

that since the motion to dismiss was filed in the court herein at the December term, 1884, of this court and the cause continued on said motion, the plaintiff herein filed, in the supreme court of this state, his motion to set aside the judgment rendered, and to make Hannah Kiso administratrix and a party to this suit, which said motion was by said court on the eleventh day of May, 1885, overruled, *per curiam*, and that since the death of John C. Kiso was suggested, as above stated in this cause, at the October term, 1881, of the supreme court of this state, more than three regular terms of this court have elapsed, and that plaintiff is now barred to bring in the said Hannah Kiso, administratrix, as a party to said suit, by reason and force of the statute in such cases made and provided, and that this court has no jurisdiction of the subject-matter of said suit, nor of the said Hannah Kiso, administratrix, as hereinbefore shown, and in the motion hereinbefore filed set forth. Hannah Kiso, administratrix."

"Rudolph Hirzel, being duly sworn on his oath says: That he is the sole attorney of Hannah Kiso, administratrix, *cum testamento annexo*, of the estate of Jno. C. Kiso, deceased, and as such has carefully examined the records and proceedings in this and the supreme court in the above-named cause, and appeared as such attorney for said Hannah Kiso in the supreme court on the motion to set aside the judgment, etc., in the supreme court filed by said Geo. W. Prior, and that all the matters and things hereinbefore stated, as facts, in support of the former motion to dismiss filed in this court, are true and correct. Rudolph Hirzel. Sworn to and subscribed before me this nineteenth day of May, A. D. 1885. W. H. Lusk, clerk."

On the same day the plaintiff filed a motion *to amend and correct the error in the record, to substitute Hannah Kiso as administratrix, as a party to the cause, in lieu of said Hannah as executrix, and to*

*revive the cause in the name of said Hannah, as administratrix, etc.*, which motion is the following : "Plaintiff states that heretofore, to-wit, at the December term, 1883, of this court, a judgment was rendered herein for the defendant, John C. Kiso, in his lifetime, and for others joined with him as defendants in the case ; that thereafter, a writ of error was sued out herein by the plaintiff from the supreme court, and that thereafter, while proceedings on said writ of error were pending, and on or about January 27, 1881, the said John C. Kiso departed this life ; that thereafter, at the October term, 1881, of said supreme court, the death of John C. Kiso, defendant in error in said cause, was suggested and the cause revived therein against Hannah Kiso, as executrix of John C. Kiso, and that said cause was then argued and submitted to the court, and was, at the April term, 1884, of said court, reversed and remanded for a new trial in this court, and the record and cause is now here pending. Plaintiff in error now further states and says that through a misapprehension and mistake of the facts in the case it was, at the time of the suggestion of the death of John C. Kiso, also represented and stated to the court by J. Ed. Belch, as the attorney of record of said Hannah Kiso, that she was the duly qualified executrix of the estate of the deceased, and with this understanding of the facts the said J. Ed. Belch, as the attorney for the said Hannah Kiso, and Edwin Silver, as the attorney for the plaintiff, by consent, revived this cause against said Hannah C. Kiso, as executrix of John C. Kiso ; that thereafter briefs were submitted in the supreme court in her behalf, by her attorney of record, as well as in behalf of plaintiff by his attorney, and the cause was reversed and remanded, as already stated. Plaintiff now states to this court that the said Hannah Kiso was not at the time stated, and never has been, the executrix of the estate of John C. Kiso, as represented by her attorney

of record in the supreme court.  Plaintiff states that since the reversing and remanding from the supreme court of this cause, to-wit, on or about October 23, 1884, said Hannah Kiso qualified as the administratrix of the estate of said John C. Kiso, and is now the acting and qualified administratrix thereof, as will appear from exhibits herewith filed.  Plaintiff now asks and moves this court to amend and correct the error in the record herein, whereby said cause was improperly revived in the name of Hannah Kiso as executrix of the estate of John C. Kiso, and that Hannah Kiso, as administratrix of the estate of John C. Kiso, be substituted as a party to this cause in lieu of said Hannah C. Kiso as executrix, and that this cause be and stand revived against Hannah Kiso, as said administratrix, and plaintiff asks for such other and further relief as the nature of the case may require.   State of Missouri, county of Cole. Edwin Silver being sworn says the matters of fact set out in the foregoing motion are true according to his knowledge and belief.  Edwin Silver.  Sworn to and subscribed before me this nineteenth day of May, 1885.  W. H. Lusk, clerk.  By C. W. Wallendorf, D.C."

Upon the hearing of this motion, plaintiff read in evidence said motion and affidavit, also the following record entry of the supreme court made at its October term, 1881, in this case, as follows : " Come now the parties aforesaid by their respective attorneys, and suggest to the court the death of John C. Kiso, the defendant in error herein, and by consent of parties it is ordered by the court that the cause stand revived in the name of Hannah Kiso, executrix of the estate of John C. Kiso, deceased, as defendant in error here."   Also record entry of supreme court reversing the judgment in the cause as follows : " Supreme Court of Missouri, October term, 1883.  George W. Prior, plaintiff in error, *vs.* Hannah Kiso, executrix of John C. Kiso, deceased, Henry Lambeth, D. B. Wilson, John L. Clark, John

W. Cariville, Leonard A. Clark, James M. Botts, W. H. Lambeth and Fritz Wehmeier, defendants in error. Error to Cole county circuit court. Now at this day come again the parties aforesaid, by their respective attorneys, and the court here being now sufficiently advised of and concerning the premises, do consider and adjudge that the judgment aforesaid, in form aforesaid, by the said Cole county circuit court rendered, be reversed, annulled and for naught held and esteemed, and that the said plaintiff in error be restored to all things which he has lost by reason of the said judgment. It is further considered and adjudged by the court that the said cause be remanded to the said Cole county circuit court for further proceedings to be had therein in conformity with the opinion of this court herein delivered, and that the said plaintiff in error recover against the said defendant in error his costs and charges herein expended, and have therefor execution.''

Hannah C. Kiso, on the hearing of the motion, admitted that she was not, and never had been, the executrix of John C. Kiso, but was appointed and qualified as administratrix as charged in the motion in October, 1884. It was then shown and admitted by both parties that since the last December term, 1884, of that court, the plaintiff had filed in the supreme court of Missouri his motion to set aside the judgment of said court heretofore rendered against Hannah Kiso, administratrix, c. t. a., of John C. Kiso, as party defendant, which said motion was and is almost identical with the one now before the court, and was made and filed in the supreme court for the purpose of reviving the cause as now here sought. It was also admitted that the said Hannah Kiso, administratrix, upon notice given her attorney by the plaintiff, appeared in said supreme court, and then and there filed her plea to the jurisdiction of said court, and supported the same by a certified copy of her entry of appearance and motion to dismiss, and affidavit in this

court filed and last above copied and inserted. It was further admitted that on said motion of plaintiff, he by his counsel filed his statement and brief in said court in support thereof, and said Hannah Kiso, administratrix, by her counsel, filed briefs in opposition thereto, and that the said supreme court, at its April term, 1885, overruled, without giving any reason therefor, said motion of plaintiff.

In resistance of said motion, the motion of said Hannah to dismiss, her affidavit in support thereof, as well as the affidavit of her attorney, were read in her behalf. The court denied plaintiff's motion to revive the cause as to said Hannah, as administratrix, etc. Thereupon the plaintiff filed his suggestion of the death of John C. Kiso, and applied for a *scire facias* against said Hannah, to show cause why the action should not be revived against her as administratrix, etc., and showed by a certificate that she was appointed administratrix, etc., on the twenty-third of October, 1884. The circuit court denied the writ; and the motion previously filed by said Hannah, to dismiss the cause as to her, coming on to be heard, was by the court granted, and the cause as to her dismissed; and plaintiff comes here on writ of error.

The foregoing matters are set forth thus at large, in order to determine the sole point presented by the record, whether the ruling of the trial court was correct, which dismissed the cause as to said Hannah, and refused to award a *scire facias* against her to make her a party defendant. These facts must be regarded as established by the record : (1) That John C. Kiso died in Osage county on the twelfth day of January, 1881, *leaving a will*, and that no letters testamentary were granted to any one on his estate, until the twenty-third day of October, 1884, when such letters were granted to said Hannah, as administratrix with the will annexed, months after the cause had been disposed of by the

judgment of this court.   (2) That Belch, the attorney of
record of the defendant in error,  John C. Kiso,  as well
as of the other defendants in error, was not her attorney
either of record or otherwise.   (3) That for this reason,
the appearance entered for her by Belch and the revivor
of the cause in her name  as  such  executrix, etc.; by
consent, with Silver, the attorney for plaintiff in error,
were acts wholly unauthorized.

I.    The acts of Belch  were  without  warrant of
authority for two reasons :   first,  there was no retainer
or employment of him as her attorney by  said  Hannah,
and because she had no power at the  time  so to retain
him ;  second, because  the death of Belch's constituent,
Jno. C. Kiso, revoked his authority to appear further in
the cause in that behalf  without  a new retainer  from
the   proper  legal  representative  of  Kiso,  deceased.
Weeks on Att'ys, sec. 192 ;  *Gleason  v.  Dodd*, 4 Met.
[Mass.] 333.

II.    If it be conceded that the same  method of pro-
cedure must be adopted in this court,  as  in  the circuit
court, and persons "substituted as parties, or compelled
to become parties,   *   *   *   in like time and manner,
and with like effect,'' as in the latter courts (R. S. secs.
3772, 3663, 3664, 3665, 3668),  and if  it be  further con-
ceded that the  time  specified  in section 3668, *supra*,
operates as a special  statute  of  limitations,  and that
after the period therein limited, the action  abates as to
the representative of the deceased party not made party
as required by article 8, Revised Statutes, 1879 (*Ruther-
ford  v.  Williams*,  62  Mo. 252 ;  *Farrell's  Adm'r  v.
Brennan's Adm'x*, 25 Mo. 88), still the statute in ques-
tion ought not to operate in  this  case, because of the
complications before mentioned.   *The proper basis for
that statute was not laid.*   There was  no  order entered
for the revival of the cause, as pointed out in sections
3663 and 3664, *stating  the  name  and  capacity  of the
representative or successor* of the decedent.   Such an

order could not have been made at the time *aforesaid because, for reasons already stated, there was no such representative person in existence.* And, as the so-called voluntary appearance of said Hannah must go for nothing on grounds previously given, the case stands here, stripped of all conditions upon which section 3668 can operate, conceding always that it may operate in cases in this court. If the foregoing deductions are correct, then no difficulty attends the proper decision of this case, and it must be viewed as one where, of a number of defendants in error, a single one has died, after the cause has been brought on error to this court, where a judgment of reversal has been rendered on the unfounded supposition of both court and counsel that the proper representative of such deceased defendant in error has been made a party in this court.

III. But it is to be gravely doubted whether section 3668 should be held operative and applicable in the practice of this court, at least so far as concerns a case of this character. At common law the death of a *sole defendant in error* does not abate the writ, whether the death occurred before or after errors assigned. If it happens before, and the plaintiff will not assign errors, the executors or administrators of the defendant in error may have a *scire facias quare executionem non* in order to compel him ; if it happen after, they must, proceed as if the defendant in error were living till judgment be affirmed, and then revive by *scire facias.* And the plaintiff, in order to compel the representatives of the defendant in error to join in error, may sue out a *scire facias ad audiendum errores.* If, however, there be several defendants in error, and one die, no abatement of the writ occurs, but the death being suggested on the roll, the writ of error proceeds against the survivors. 2 Tidd's Pr. [4 Ed.] 1163, 1164. Where the death of one of a number of defendants in error occurs, this is substantially the course pointed out by the following sections of the statute :

Section 3766 : " If there be several appellants or plaintiffs in error, and one or more of them die before errors are assigned, such death shall be suggested by the surviving plaintiffs, and the error shall be assigned by them, and if one or more of several defendants in error die before joinder in error, such death shall in like manner be suggested by the survivors, and they shall plead to the assignment of errors."

Section 3767 : "If there be several appellants or plaintiffs in error, and one or more of them die after errors assigned, or if there be several appellees or defendants in error, one or more of whom shall die after errors assigned, the appeal or writ of error shall not thereby abate, but in either of such cases, such death shall be suggested on the record, and the cause shall proceed at the suit of the surviving appellants or plaintiffs in error, or against the surviving appellee or defendant in error, as the case may be."

And it seems from the provisions of section 3769, that it is *on.y in case of a sole defendant in error, or of all the defendants in error dying*, that it becomes at all necessary to sue out *scire facias* to compel the representatives of the decedent or decedents to become parties, and join in error, and this is done, the section says, "*in like manner as in an original suit.*" To that section, in all probability, the section 3772 applies, which refers to sections already cited, the enforcement of the provisions of which causes the action or the writ to abate. But looking over all the sections referred to and comparing them carefully with the practice at common law, I am persuaded that, under those statutory provisions, where one of a number of defendants in error dies, all that it is necessary to do is to suggest the death, and then the writ proceeds without abatement, as at common law, and that the surviving defendants in error represent, *so to speak*, the decedent, so that their victory enures to the benefit of his representative, and

their defeat becomes his defeat, and if the judgment be reversed, that such representative of the decedent may be brought in and made a party in the lower court, on the return of the cause, as the judgment of reversal by relation takes effect as of the date of the issuance of the writ of error, though revivor may be had as to parties who have died in the interim. *Williams v. Englebrecht*, 38 Ohio St. 97, and cas. cit.

IV. It has been urged that it does not lie in the mouth of said Hannah to deny that "*her attorney had no authority to appear for her.*" *The very point in dispute is whether he was her attorney or not.* This is not a case where a judgment is the basis of the action, and it is attempted to assail it by showing that an attorney whom the record says appeared for the defendant was not his attorney ; and even if it were, there is excellent authority for saying that the fact whether the attorney was really employed by the defendant or not may be disputed, and in such case, the uncontradicted oath of his putative client will be sufficient to overcome the *prima-facie* presumption of the attorney's authority ; and this is especially true where, as here, there is no judgment to overthrow, but where everything is *in fieri*, and where, owing to circumstances already related, it was simply impossible for the supposed client to have conferred the supposed authority, even had she so desired.

V. Holding then that Hannah Kiso was never made a party to this action in this court, but that it was competent to make her a party to the cause on its return to the lower court, the judgment will be reversed and the cause remanded. RAY, J., absent ; the other judges concur.