A. W. MATHEWSON, Respondent, v. THE ST. LOUIS AND
SAN FRANCISCO RAILROAD COMPANY,
Appellant.

### St. Louis Court of Appeals, February 10, 1891

1. **Practice, Appellate:** DISMISSAL FOR FAILURE TO PROSECUTE. This court has the clear power to disincumber its docket of appeals, which neither party can or will prosecute. *Held,* accordingly, that this case should be stricken from the docket, since the death of the respondent had been suggested at the October term, 1888, and no steps had been taken to revive the cause or prosecute it in the name of his legal representative.

2. ———: ABATEMENT OF ACTION BY DEATH OF APPELLANT. *Quære,* whether section 2201 of the Revised Statutes of 1889, in reference to the abatement of an action, if the action should not be revived at or before the third term after the suggestion of the death of a party, is applicable to appellate proceedings pending in this court.

*Appeal from the Greene Circuit Court.*—HON. W. D.
HUBBARD, Judge.

STRICKEN FROM DOCKET.

*E. D. Kenna* and *Adiel Sherwood,* for appellant.

*A. F. Butts* and *B. R. Brewer,* for respondent.

THOMPSON, J.—In this case the death of the respondent, plaintiff in the action, was suggested by the appellant in this court at the October term, 1888, and on the twenty-third of January, 1889. At the same term, February 5, 1889, the cause was continued on motion of the attorney who had represented the plaintiff prior to his death. At the end of the March term, 1889, it was continued by operation of the general order of continuance made at the close of the term,

continuing all matters not disposed of. At the October term, 1889, and on the fifteenth day of January, 1890, it was again continued on motion of the appellant. At the March term, 1890, it was reached on the regular call of the docket and taken as submitted, but the submission was afterwards set aside and the case again continued. Now at the October term, 1890, it has again been reached, and counsel for the defendant have appeared and called our attention to the fact, that no steps have been taken to revive the cause in the name of the personal representative of the plaintiff, if such there be, and have moved for a dismissal of the suit.

By section 2300 of the Revised Statutes of 1889, "persons may be substituted as parties, or compelled to become parties, in cases pending in the supreme court, in like time and manner and with like effect as provided for in original suits in circuit courts." See also *Jeffries v. Flint*, 55 Mo. 29. By the constitution of the state (art. 6, sec. 15), "All laws relating to the practice in the supreme court shall apply to this court (the St. Louis Court of Appeals) so far as the same may be applicable." This provision accordingly applies to this court. But this relates only to the substitution of parties, and not to the abatement of suits. By section 2201 of the Revised Statutes of 1889, it is provided: "In all cases where the representatives of a deceased or disabled party shall not be made parties according to the provisions of this article, on or before the third term after the suggestion of the death or disability, the action shall abate as to such party, and the interest of his representatives or successors therein; and the cause shall proceed in favor of or against the survivors. In case there be no surviving plaintiff or defendant the suit shall be dismissed." This provision is in the nature of a special statute of limitations, and, after the expiration of the period limited, there can be no *scieri facias*, and consequently no revivor. *Rutherford v. Williams*, 62 Mo.

252. In computing the time of this period of limitation, the term at which death is suggested is to be excluded. *Gallaher v. Delargy*, 57 Mo. 29. But this provision relates only to cases in the circuit courts.

Our attention has fallen upon *Prior v. Kiso*, 96 Mo. 303. That decision renders it doubtful, to say the least, whether there can be any dismissal of a cause in this court because of the death of the plaintiff, and a failure to revive it in the name of his personal representative. An appeal, under our statute, in a case at law, is so far in the nature of a writ of error at common law, that it is not merely a prolongation of the original suit, in a sense which imports the statute relating to the abatement of actions into the appellate court. An appeal in equity is generally held to be a continuation of the suit (*Macklin v. Allenberg*, 100 Mo. 337 ), and unlike a writ of error, which is in the nature of a new action. *Macklin v. Allenberg, supra,* and cases cited ; *Pierce v. Stinde*, 11 Mo. App. 364. But an appeal in an action at law ( and probably, under our statutory system, in cases in equity ) is so far in the nature of a writ of error, that it does not revoke the judgment appealed from, but merely suspends its execution. *Lewis v. Railroad*, 59 Mo. 495. If the judgment appealed from is affirmed, the judgment does not thereby become the judgment of the appellate court, but it remains the judgment of the trial court ; the judgment of affirmance merely has the effect of removing the bar to its execution. A contrast from this is presented in the case of appeals from the judgments of justices and of the probate courts to the circuit courts. Such an appeal is for the purpose of a trial *de novo*. It vacates the judgment appealed from, and the appeal becomes merely a prolongation of the cause in another tribunal. It is merely a *removal* of the whole case to another tribunal for a new trial on the law and the facts. We have said this much for the purpose of indicating the difficulty in the way of granting the defendant's

motion. The deceased recovered a judgment at law in the court below. That judgment stands as a judgment in his favor until reversed, though its execution is suspended by the appeal and the appeal bond. The appeal, being in the nature of a writ of error, does not prolong the suit in this court, in such a sense that we can dismiss it without statutory authority. On the other hand, the judgment can never be executed in the court below, until letters of administration are taken out on the estate of the deceased plaintiff.

We have, however, the clear power to disincumber our docket of appeals which neither party can or will prosecute. We, therefore, order that this cause be stricken from the docket. All the judges concur.