CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellant, v. A. M. WOODSON, Judge, etc., Respondents.

Kansas City Court of Appeals, February 6, 1905.

1. **JURISDICTION: Party: Special Appearance: Revival of Action.** Where the circuit court has jurisdiction and orders a cause revived in the name of the plaintiff's administrator, the voluntary appearance of the defendant gives the court jurisdiction over the parties but the defendant has the right by special appearance to test the jurisdiction of the court and such appearance may not be construed into a general appearance.

2. **ACTION: Suggestion of Death: Revival: Scire Facias.** On suggestion of the plaintiff's death when the defendant does not enter his voluntary appearance, the court can only enter the suggestion and order a *scire facias* to revive the cause.

3. ———: ———: ———: **Limitation: Abatement.** Where three terms have expired since the suggestion of plaintiff's death without a *scire facias*, the action abates as to the deceased party and the interest of his representatives.

4. ———: ———: ———: ———: **Attorney and Client.** When the plaintiff dies his attorney has no power to suggest his death and such suggestion is insufficient to set in motion the special limitation requiring a revival within three terms of the court; such action must come from the administrator.

5. **PROHIBITION: Other Remedy.** Where no error has been committed that cannot be adequately reached by ordinary procedure, prohibition will not lie. .

Original Proceedings by Prohibition.

WRIT DENIED.

*Brown & Dolman* for appellant.

(1) Sections 756-758 and 761, R. S. 1899: "Where the plaintiff in the suit dies the administrator can be substituted in his place, only by voluntary appearance of the defendant or by service upon him of a *scire facias*. To enter the appearance of the administrator and give judgment against defendant without such appearance or *scire facias* is erroneous." Harkness v. Austin, 36 Mo. 47; Ferris v. Hunt, 18 Mo. 480; Fine v. Gray, 19 Mo. 33; Crawford v. Railroad, 171 Mo. 77; Farrell v. Brennan, 25 Mo. 88. (2) There can be no revivor in this case. The provision of section 761 "is in the nature of a special statute of limitations and after the expiration of the period limited there can be no *scire facias* and consequently no revivor." Mathewson v. Railroad, 44 Mo. App. 98; Rutherford v. Williams, 62 Mo. 254; Gallagher v. Delargy, 57 Mo. 29. (3) The statute is imperative and provides that the

suit shall be dismissed unless the law has been complied with. Any order that the court might make after the expiration of the time looking to the further prosecution of the suit would bind the same. Doering v. Kenamore, 36 Mo. App. 150.

*C. F. Strop* and *Elliot Spalding* for respondents.

(1) The writ issued herein should be quashed because prohibition never lies where the thing complained of can be cured by writ of error or appeal, and plaintiff's motion to set aside the order of circuit court having been overruled by that court, a perfect remedy by appeal existed. Wand v. Ryan, 166 Mo. 646; State v. Heige, 39 Mo. App. 49; State v. Laughlin, 7 Mo. App. 529; State v. Wood, 155 Mo. 425; State v. Anthony, 65 Mo. App. 543; State v. Railroad, 100 Mo. 59; State v. Withrow, 108 Mo. 1. (2) Until the inferior court has been asked in some form and without avail to dismiss the same, a superior court will not entertain an application for a writ of prohibition. Barnes v. Gottschalk, 3 Mo. App. 111; State v. Laughlin, 9 Mo. App. 486. (3) Defendants do not dispute the proposition that in the absence of a voluntary appearance a cause can not be revived without a *scire facias*, but an entry of appearance waives the service of summons. The fact that plaintiff herein appeared and moved the circuit court to vacate its order constituted a waiver of notice or summons and an entry of appearance, and this, too, although plaintiff professed to appear for the purpose of the motion only. As directly in point and controlling, see Ferris v. Hunt, 20 Mo. 464. (4) The provision of the statute requiring a dismissal after three terms has no application until after three terms have elapsed after the appointment of the executor, in other words this is a special statute of limitation which runs only from the time of the appointment of executor. Expressly in point controlling, see Prior v. Kiso, 96

Mo. 314. (5) Even though plaintiff was entitled to no-
tice before an order of revival was entered, the exec-
utor had the undoubted right to suggest the death of
his testator and to enter his appearance as preliminary
to suing out a *scire facias* and that was all that was
done herein.

JOHNSON, J.—This is an original proceeding in
this court to obtain a writ of prohibition against the
Honorable A. M. Woodson, judge of the Buchanan Cir-
cuit Court for division number one and Samuel Has-
senbusch, executor of the estate of Lazarus Hassen-
busch, deceased.

November 22, 1901, Lazarus Hassenbusch com-
menced an action before a justice of the peace of Wash-
ington township, Buchanan county, against the peti-
tioner to recover damages alleged to have been sus-
tained by him because of the failure of petitioner to
deliver certain goods which it received as a common
carrier from said Hassenbusch at St. Joseph for de-
livery to him at Lawton, Oklahoma. A trial followed
which resulted in a judgment for the plaintiff, from
which judgment the petitioner in proper time took an
appeal to the circuit court of Buchanan county. A
transcript of the proceedings before the justice was
filed in said circuit court February 17, 1902. In July,
1902, while said cause was pending and undetermined,
Lazarus Hassenbusch died leaving a will; but letters
testamentary, were not issued to the executor named in
the will, Samuel Hassenbusch, until December 8th, 1903.
At the September, 1902, term of the circuit court before
the granting of said letters testamentary the following
order was entered of record:

"Comes now the *plaintiff's* attorney and suggests
to the court the death of plaintiff, Lazarus Hassen-
busch, plaintiff in the above-entitled cause."

At the May, 1904, term of said circuit court, with-

out any notice to and without any appearance of the petitioner, the court made this order:

"Death of plaintiff suggested submitted to the court, evidence heard and Samuel Hassenbusch, executor, is made plaintiff and cause revived in the name of executor and by agreement of parties cause continued."

From the time of the first suggestion of plaintiff's death in September, 1902, until the making of the last mentioned order in May, 1904, four regular terms of court intervened and no summons had been issued to nor served upon the petitioner, nor did the petitioner make any appearance nor agree to the continuance, notwithstanding the recital in the order of revivor. After the entry of this order of revivor, and at the same term of court, the petitioner filed a motion to set aside said order in which it stated that it appeared for the purpose of said motion only, and for no other purpose, and challenged the jurisdiction of the court to make the order or any order reviving the cause. On the hearing of this motion the court set aside that part of the order which recited that the continuance of said cause was by agreement of parties but permitted the remainder thereof to stand.

The object of this proceeding is to obtain a writ of prohibition against the defendants to prohibit them from further proceeding with said cause and that the same be ordered dismissed. A rule to show cause why said writ should not issue was granted by one of the judges of this court in vacation, returnable to the first day of this term, and respondents were restrained from further proceedings in the meantime. The case is now before us on the petition and respondents' return. There is no controversy over any of the facts. Relief is sought by the petitioner upon two grounds:

First, that the trial court was without jurisdiction to revive the cause in the name of the executor without

the service of a *scire facias* upon the petitioner or its voluntary appearance.

Second, the intervention of three terms of court after the suggestion of plaintiff's death deprived the court of jurisdiction to revive the cause or to order a *scire facias* to bring the petitioner into court.

It is claimed by respondents the motion to set aside the order of revivor filed by the petitioner in the circuit court, notwithstanding it expressly limited the appearance to the sole purpose of that motion and such purpose was nothing more than an attack upon the jurisdiction of the court, was in effect a general appearance for all purposes, and although made after the order of revivor was entered of record waived the service of a *scire facias* upon the defendant in that action. Undoubtedly the circuit court had jurisdiction over the subject-matter of that suit. A voluntary appearance by the defendant at that stage of the proceeding would have given it jurisdiction over the parties. [Posthlewaite v. Ghiselin, 97 Mo. 420.] But the defendant could and did limit its appearance to the specific purpose of raising the question of jurisdiction. Obviously, a party in position to do so should be free to assail the jurisdiction of a court without of necessity submitting himself to the very thing he is attempting to escape. [Evansville Grain Co. v. Mackler, 88 Mo. App. 186 and cases cited.] The case of Ferris, Admr., v. Hunt, 20 Mo. 464, relied upon by respondents, is not in conflict with this view. The appearance in that case was general without any attempt to limit it to a specific purpose.

The defendant did not make a general appearance and did not by filing its motion come under the jurisdiction of the circuit court, and as no *scire facias* was issued that part of the order entered at the May, 1904, term substituting the executor as party plaintiff and reviving the cause in his name would not if properly before us be permitted to stand. In the condition of

the case when that order was made the court could do no more than enter the suggestion of death and order a *scire facias.* The attempt to substitute the executor as party plaintiff and to revive the cause was ex parte and unwarranted. [Section 756, R. S. 1899; Harkness, Admr., v. Austin, 36 Mo. 47; Ferris, Admr., v. Hunt, 18 Mo. 480; Fine v. Gray, 19 Mo. 33; Crawford v. Railroad, 171 Mo. l. c. 77; Murphy v. Redmond, 46 Mo. 317.]

Petitioner insists, and it is the basis for the relief herein sought, that the circuit court was entirely devoid of jurisdiction at the May, 1904, term either to enter a suggestion of death or to order a *scire facias,* for the reason that more than three terms of court had intervened after the suggestion of death entered of record at the September, 1902, term. Section 761 of the statutes requires the representatives of a deceased party to be made parties in the manner provided on or before the third term after the suggestion of death. This is a special limitation and unless such new parties are made in the time prescribed the action abates as to the deceased party and the interest of his representatives therein. [Farrell, Admr., v. Brennan, Admr., 25 Mo. 88; Rutherford v. Williams, 62 Mo. 252; Prior v. Kiso, 96 Mo. 303; Mathewson v. Railroad, 44 Mo. App. 97.]

It appears, however, from the entry made at the September, 1902, term the suggestion of death was made by "plaintiff's attorney:" that is, by the attorney of Lazarus Hassenbusch, who was then deceased. Letters testamentary were not issued to the executor until December 8, 1903. Clearly, the appearance of the attorney was unauthorized. The death of his client terminated his employment. The executor had not been appointed. The estate was without a legal representative. No one had authority to appear for it. [Prior v. Kiso, supra; Weeks on Attorneys, sec. 192; Gleason

v. Dodd, 4 Met. (Mass.) 333.] As limitation is set to running merely by the record entry suggesting death, such entry cannot be made except upon the suggestion to the court by a party to the record or by the legal representatives of a deceased party.

We must accordingly hold the entry made at the September, 1902, term inoperative for any purpose; and the circuit court still has jurisdiction to revive the cause after service of *scire facias*.

In this case no error has been committed nor complained of that cannot be reached and adequately corrected through ordinary procedure. No reason exists for the application of extraordinary remedies. The provisional rule heretofore issued is discharged and the peremptory writ denied. All concur.