BREWER, Defendant in Error, v. DINWIDDIE, Plaintiff in Error.

1. Where a judgment is regularly rendered against a defendant, the court can not at a subsequent term, there being no irregularity, set the same aside and permit the defendant to file an answer.

*Error to Morgan Circuit Court.*

*J. W. Morrow*, for plaintiff in error.

I. The leave to file the answer was tantamount to a setting aside of the judgment by default. No objection being made as to the time of filing the answer, or the answer itself, it was not competent to the court by a mere exercise of arbitrary power to defeat its own action and the rights of the defendant. To grant a party leave to file an answer within sixty days next succeeding the term at which the grant was given, and then requiring him to show cause why the judgment by default should be set aside at the term succeeding the expiration of the sixty days—the answer in the mean time having been filed without objection—is a mere mockery of the administration of the law. The answer shows a good cause of defence.

*Ross* and *Edwards*, for defendant in error.

I. The defendant in the court below, Dinwiddie, having suffered judgment to go against him for want of answer, the circuit court did not have authority to set aside that judgment at the succeeding term of the court. The order of the court allowing the defendant to file his answer was void and did not in any manner impair the original judgment, and there was no error in the subsequent action of the court in refus-

ing to set aside the judgment by default. (Weeme v. Morris, 7 Mo. 6; Barry v. Johnson & Johnson, 3 id. 263; Lecompte and wife v. Wash, 4 id. 557; Keiby & Porter v. Caldwell, 10 id. 392; Field & Cathcart v. Matson, 8 id. 686.)

Scott, Judge, delivered the opinion of the court.

It appears from the record in this case that there was a final judgment therein at the October term. Afterwards, at a subsequent term of the court, a motion was filed to set aside this judgment and give the defendant leave to file his answer, which motion was so far sustained as to permit the defendant to file his answer and show cause at the next term why the judgment should not be final. The answer not having been filed within the time prescribed, by an order of the court at a subsequent term the original judgment was confirmed.

Nothing is better settled than that after the term at which a final judgment is rendered, the court can not interfere with it. (Ashby v. Glasgow, 7 Mo. 320; Hill v. City of St. Louis, 20 Mo. 584.) Where there is any irregularity in the proceedings, the court will on motion at a subsequent term—the irregularity being shown to its satisfaction—set the judgment aside, or do whatever the justice of the case may require. But in a proceeding like that under consideration, there is no authority whatever to interfere after the close of the term at which the final judgment was entered.

Judge Ryland concurring, the judgment will be affirmed; Judge Leonard absent.