MORGAN HARBOR *et al.*, Plaintiffs in Error, v. PACIFIC RAIL-
ROAD COMPANY, Defendant in Error.

| | |
|---|---|
| 32 | 423 |
| 53a | 658 |
| 32 | 423 |
| 118 | 47 |
| 32 | 423 |
| 123 | 636 |
| 32 | 423 |
| 72a | 219 |
| 32 | 423 |
| 84a | 330 |
| 85a | 301 |
| 32 | 423 |
| 93a ¹ | 34 |

*Practice—Setting aside Judgments.*—Where there is any irregularity in the pro-
ceedings, a court may, on motion, at a subsequent term, set aside the judg-
ment, or do whatever the justice of the case may require; but where the
proceedings are regular, however erroneous, the power of the court to in-
terfere ceases with the term.

*Error—Jeofails.*—An error in the court in rendering judgment is not cured
by the statute of jeofails after the term is passed; it can only be corrected
by appeal or writ of error.

### Error to Osage Circuit Court.

*Parsons*, for plaintiffs in error.

The only point in this case, is whether, after the term at
which a final judgment is rendered, the court can interfere
with it. There was no irregularity in the proceedings in this
cause. There was an answer regularly filed in the cause,
and the issues tendered by it were presented to the jury on
the trial; the answer was read to the jury at the trial. The
only objection is the form of the judgment entered, which is
only a clerical error not affecting the regularity of the trial
or the force of the judgment. (See Ashby v. Glasgow, 7 Mo.
320; Hill v. City of St. Louis, 20 Mo. 584; Brewer v. Din-
widdie, 25 Mo. 351; 13th clause, 19th sec., art. 9 of Prac.
Act; also, sec. 20, same Act, p. 1256–7, 2 R. C.)

Plaintiffs therefore insist that the judgments of the court
at November term, 1860, setting aside the judgment at No-
vember term, 1859, and the judgment of the court dismissing
this suit, ought to be reversed and held for naught, and the
judgment of November term, 1859, reinstated and affirmed.

*Aikman Welch*, for respondent.

I. The court did not err in setting aside the final judg-
ment rendered in this cause at its November term, 1859,
though the motion to set the same aside was not filed at the
same term at which such judgment was rendered. Such

final judgment was wholly irregular and erroneous. It professes to be a judgment by default and confession, for want of answer, and an inquiry of damages at the same term, and that, too, after a sufficient answer had been filed. Such judgment is erroneous. The proceedings were irregular; and the court will, on motion, at a subsequent term—the irregularity being shown to its satisfaction—set the judgment aside, or do whatever the justice of the case may require. (Brewer v. Dinwiddie, 25 Mo. 351; Ashby v. Glasgow, 7 Mo. 320; Hunt et al. v. Yeatman, 3 Hammond, O., 16.)

DRYDEN, Judge, delivered the opinion of the court.

In this case, the plaintiffs sued the respondent for damages occasioned by certain excavations made by the defendant on the lands of the plaintiffs in the construction of its railroad. The petition contains three counts: in one, the damages are held at two hundred and fifty dollars; in another, at one thousand dollars, and in the third, at two thousand dollars. The defendant answered, putting in issue all the material allegations of the petition. The case was continued, from term to term, two successive terms after that at which the answer was filed. At the November term, 1859, the case standing regularly for trial, the court empannelled a jury and proceeded with the trial in the absence of the defendant, who failed to appear. After hearing the evidence offered by the plaintiffs, the jury found a verdict for the plaintiffs for two thousand two hundred and fifty dollars damages, on which the court rendered judgment. The entry of the proceedings of the court on the trial is exceedingly inartificial and informal, partaking of some of the formalities of a judgment by default, and of some of those of a mere inquiry of damages; yet, taking all the record together, it is plain enough that the verdict was made upon a hearing of the evidence and in response to the issues, and that the judgment of the court was based upon the finding of the jury, and not upon the default of the defendant.

At the succeeding term of the court (May, 1860,) the

defendant, by attorney, appeared and filed a motion to set aside the judgment in these words, viz:

"The Pacific Railroad, by their attorney, John D. Stevenson, comes and moves the court to set aside the judgment heretofore rendered in the cause for the following reasons, to-wit:

"Because said judgment is oppressive and excessive, irregular and defective in this: said judgment is a judgment by default, and confession, and assessment of damages, all at the same term, although defendant had regularly filed an answer to the petition, and the cause was regularly at issue upon answer; because said judgment was rendered for a greater amount than the damages claimed by plaintiffs; because said judgment was rendered upon a trial when defendant was not represented by counsel or otherwise, the defendant being absent by a misunderstanding as to the time of the holding of the Circuit Court for Osage county; and the defendant, upon a fair trial, having a meritorious defence to the action; because the jury rendered a verdict for a greater amount than the amount claimed by plaintiffs."

The excuse stated in the motion for the non-appearance of the defendant at the trial term was supported by the affidavit of the attorney.

The court accordingly set the judgment aside, and directed the case to be set down for trial. When the case was afterwards called for trial, the plaintiffs refused to proceed, and thereupon the court dismissed the cause. The plaintiffs took their exceptions, and have brought their case to this court by writ of error.

The only question which it becomes material for us to consider in the case, is as to whether the Circuit Court was warranted in setting aside the judgment after the term at which it was rendered. We think it was not. In the case of Ashby v. Glasgow and others, decided by this court, (7 Mo. 320,) Judge Scott, in delivering the opinion of the court, says:

"When a final judgment is rendered in a cause, and that judgment is erroneous, it may, during the term at which it

was rendered, be set aside; for, during a term, all the proceedings are in the breast of the court, and they may be altered or vacated as justice requires. But when the term is past, then the control of the court ceases, and no alteration or amendment can be made but such as is authorized by the statute jeofails and amendments. An error in the court in rendering judgment is not cured by the statute of jeofails; it can only be corrected by appeal or writ of error."

Again, in the case of Hill v. The City of St. Louis, (20 Mo. 584,) in which there was a clause inserted in the entry of a judgment to the effect that the defendant had leave, at the next term of the court, to move to set the judgment aside, and accordingly, at the next term, the motion was made and the judgment set aside, it was held by this court that the clause was a nullity, and that the Circuit Court had no authority to interfere with the judgment at any subsequent term; and so the action of the Circuit Court on the motion was set aside, and the original judgment was reinstated by this court. In Brewer v. Dinwiddie, 25 Mo. 351, it is said: " Nothing is better settled than that, after the term at which a final judgment is rendered, the court cannot interfere with it."

Where there is any irregularity in the proceedings, the court will, on motion, at a subsequent term, set aside the judgment, or do whatever the justice of the case may require; but, where the proceedings are regular, however erroneous, the power of the court to interfere ceases with the term at which the proceedings are had. In the case under consideration, no irregularity in the proceedings are brought to the notice of the court. The case was regularly for trial, and, so far as we can see, was regularly tried. The awkwardness of the entries of the clerk, and the error of the jury in finding the damages in the aggregate on all the counts in the petition, and not on each count separately, afford no warrant for interference with the judgment after the term. As to the ground in the motion that the defendant's counsel was under a misapprehension as to the time of holding the court, it

would hardly have furnished a sufficient reason for setting aside the judgment if it had been presented at the term at which the judgment was rendered, but certainly at a subsequent term it was entitled to no consideration. (Field & Cathcart v. Matson, 8 Mo. 686 ; Kirby & Potter v. Chadwell, 10 Mo. 392.)

The judgment of the Circuit Court in setting aside said final judgment is therefore reversed, and the said final judgment is reinstated ; the other judges concurring.