JAMES HARKNESS, ADM'R OF JOHN N. DYSART, Respondent, *v.* GREEN AUSTIN *et al.*, Appellants.

*Practice—Error—Irregularity.*—Where the plaintiff in the suit dies, the administrator can be substituted in his place only by the voluntary appearance of the defendant, or by the service upon him of a *scire facias.* To enter the appearance of the administrator and give judgment against defendant without such appearance or *scire facias,* is erroneous.

*Practice—Irregularity—Limitations.*—The party has three years within which to move to set aside a judgment for irregularity.

*Appeal from Greene Common Pleas Court.*

*John S. Phelps,* for appellants.

Irregularity is the want of adherence to some prescribed rule or mode of proceeding, and consists in omitting to do something that is necessary for the due and orderly conducting of a suit, or doing it in an unreasonable time or improper manner. (34 Mo. 318.)

The proceedings to obtain the judgment in the name of Harkness, administrator of Dysart, against Austin & King, were irregular. The order substituting Harkness, Adm'r, &c., as plaintiff, was not made on the voluntary appearance of the adverse original party, or after the service of process on him. (R. C. 1277, § 33; 18 Mo. 480; 19 Mo. 33; 20 Mo. 464.)

WAGNER, Judge, delivered the opinion of the court.

It appears from the record in this cause, that one Dysart commenced his suit in the probate and Common Pleas Court of Greene county, returnable to the May term, 1861, at

which time appellant filed his answer and the cause was continued.

At the November term, 1862, the death of Dysart was suggested, and the court made an order reviving the suit in the name of Harkness, administrator, and permitting his name to be substituted on the record as plaintiff, and then gave judgment. The appellant did not appear in court at that term. At the May term, 1865, of said court, appellant appeared and filed his motion to set aside the judgment on the ground that it was irregular, which was by the court overruled. Section 33 of the Practice Act, R. C. 1855, p. 1277, provides that "All orders made for the purpose of substituting any person as plaintiff or defendant, in place of the original defendant or plaintiff, shall be made either upon the voluntary appearance of the. adverse original party, or after the service upon such party of a summons, as hereinbefore described." A party may always be substituted by motion in accordance with the above section, but it must be done on the voluntary appearance of the adverse original party. If he does not so appear, then he must be brought in by summons in the manner prescribed by law.

The record here shows there was no appearance, and no steps taken to bring the party into court in a legal form. As the law does not precisely define the manner in which the opposite party is to be brought in when a substitution is made, this court has decided that it must be done by *scire facias*, according to the sixteenth section of the Practice Act of 1845, which still remains unrepealed. (Ferris v. Hunt, 18 Mo. 480; Fine v. Gray, 19 Mo. 33.) The statute (R. C. 1855, p. 1290, § 26) gives a party three years in which to move to set aside a judgment for irregularity rendered in a court of record. The motion was in time, and the judgment being manifestly irregular, ought to have been sustained.

The other judges concurring, the judgment will be reversed and the cause remanded.