PATRICK SMITH, Appellant, *v.* WILLIAM BEST, Respondent.

| 42 | 185 |
| 93a | ² 35 |

1. *Trial — Motion to correct Judgment.* — If a mere error or mistake in entering up a judgment is sought to be corrected, it can only be done by motion, filed within the proper time, and within the term at which the judgment is recorded. Such motion may, however, be continued over for cause, and determined at a subsequent term.

2. *Trial — Petition — Notes, treated as evidences of debt — What time given defendant to answer.* — Where the cause of action set out in the petition was for work and labor done, with a separate statement of the amount of each account, coupled in every case with reference to papers attached to the petition in the following form: "as will more fully appear by the evidence of indebtedness herewith filed"—it was immaterial to inquire whether these "evidences of indebtedness" were, in point of fact, notes for the direct payment of money or not. Plaintiff having elected to declare upon the original cause of action in this manner, defendant was entitled to six days within which to plead; and the court will, on motion at a subsequent term, the irregularity being shown to its satisfaction, set aside a judgment given for plaintiff within that time, or do whatsoever the justice of the case may require.

*Appeal from Buchanan Court of Common Pleas.*

*Parker, Strong & Chandler,* for appellant.

I. The instruments sued on were notes. (McGowan v. West, 7 Mo. 564; Brady *et al.* v. Chandler, 31 Mo. 28.)

II. The judgment of October 17, 1866, on the notes, was regular, and was taken at the proper time; and, no fraud or legal surprise being shown, the court erred in setting it aside. (7 Mo. 22; 19 Mo. 184.)

III. The first motion to set the judgment aside being withdrawn at the next term after the judgment was rendered, and another motion being filed afterward, the court had no right to set aside the judgment. The power of the court to interfere with a regular judgment closes with the term. (Harbor v. Pacific R.R., 32 Mo. 423; Ashley v. Glascow, 7 Mo. 320; Hill v. City of St. Louis, 20 Mo. 584; Brewer v. Dinwiddie, 25 Mo. 351. *Vide,* also, 34 Mo. 476, 501; 6 Mo. 234.)

IV. Plaintiff properly refused to go to trial upon issues made by defendant's answer, and properly insisted on his rights under the judgment of October 17, 1866. (34 Mo. 326; 32 Mo. 423.)

V. If there was any defect in pleading in the case, the judgment cured it. (Gen. Stat. 1865, p. 671, § 19.)

*Vories & Vories*, and *Woodson & Jones*, for respondent.

I. It makes no difference, in this case, whether the instruments filed with the petition were promissory notes or not; for if they were notes (which is denied), yet the petition counts on the original cause of action, which is not merged. (Hanna v. Pegg, 1 Blkf., Ind., 181; Brown v. Gauss, 10 Mo. 265–6.) There is no promise to pay charged in this petition, and therefore a judgment rendered in the case, as upon a promissory note, would be bad after verdict. (McNeely v. Collins, 7 Mo. 69; 6 Mo. 276.)

II. The suit being brought for work and labor, and not on a note, the defendant had six days of court in which to appear and answer, and no judgment by default could be properly taken before that time had expired, and no final judgment until the next term of the court.

III. The defendant had a right to file his motion, and to have the judgment irregularly rendered set aside, either at the same term or the next term of the court where the irregularity appeared on the record. (Stacker v. Cooper Circuit Court, 25 Mo. 401; Doan v. Hally, 27 Mo. 256.)

IV. It is discretionary with a court to set aside a judgment by default, and in this case it cannot be seen but that the discretion was soundly and properly exercised.

FAGG, Judge, delivered the opinion of the court.

This cause is brought here by appeal from the Fifth District Court. The suit was instituted in the Buchanan Court of Common Pleas, in August, 1866, and made returnable to the September term of that court.

On the third day of the term, the respondent having failed to enter his appearance and plead to the action, a final judgment was entered against him. A motion to set aside this judgment and permit him to answer was filed within the proper time, but con-

Smith v. Best.

tinued over until the next term. The record shows that during that term, and on the 8th day of January, 1867, this motion was withdrawn; and on the 12th day of the same month another motion was filed, asking the court, for the irregularities therein set forth, to set aside the judgment, and permit respondent to answer the plaintiff's petition. This motion was sustained, and the answer duly filed. At a subsequent term of the court, the case being called for trial, the appellant (plaintiff below) refused to proceed further, and the cause was dismissed for want of prosecution.

Upon a careful examination of the former decision of this court upon the question of practice presented by this record, it is clear that, if a mere error or mistake in entering up a judgment is sought to be corrected, it can only be done by motion, filed within the proper time, and within the term at which the judgment is recorded. Such motion may, however, be continued over for cause, and determined at a subsequent term. In this case there was a continuance, and it would have been consistent with the rules of practice heretofore recognized by this court for the Circuit Court to have determined the same at the next term. This motion, however, seems to have been abandoned, and need not be further noticed. The one subsequently filed, on the 12th day of January, presents really the only question to be examined in this case. It is conceded that it was separate from and wholly independent of the former motion, and the reasons upon which it is based, if true, were altogether sufficient to justify the action of the court in sustaining it. It alleges that the suit instituted by the appellant was not founded upon a bond, bill, or note, for the direct payment of money; that in point of fact it was simply an action upon account for work and labor done, and therefore, according to the law regulating practice in civil cases, the respondent was not compelled to answer or otherwise plead to the action before the sixth day of the term. It appears from the petition that the appellant's claim amounted altogether to the sum of three hundred and fourteen dollars and three cents, and consisted of small amounts alleged to be due, and owing by a certain firm (of which the respondent was a member), to a large number of persons, for work and labor performed in the construction of a railroad;

that there was in each case written evidence of this indebtedness executed by the firm, and transferred by assignment to the appellant, and that he was the legal and equitable owner and holder of the same. These papers were all attached to and filed with the petition. It is not material to inquire whether these evidences of indebtedness, as they are called by the pleader, are, in point of fact, notes for the direct payment of money or not. They are not so treated by the petition, and are not declared upon as promises to pay, but referred to simply as evidence of the amounts due to the several persons by whom they were assigned on account of the work and labor alleged to have been performed. The real cause of action, as set out in the petition, is the work and labor done, with a separate statement of the amount of each account, coupled in every case with a reference to these papers in the following form: "as will more fully appear by the evidence of indebtedness herewith filed," etc. Having elected to declare upon the original cause of action in this manner, the appellant cannot complain of the enforcement of a rule of practice fixed by the law itself, and which the courts cannot disregard if they would. It follows, from this view of the petition, that the respondent (defendant below) had six days within which to plead to the action, and any judgment rendered before the expiration of that time was irregular, and cannot be sustained. In the case of Brewer v. Dinwiddie, 25 Mo. 351, it was held that, when there is any irregularity in the proceedings, the court will, on motion at a subsequent term, the irregularity being shown to its satisfaction, set the judgment aside, or do whatever the justice of the case may require. The cases of Doane v. Holly, 27 Mo. 256; Harbor v. Pacific R.R. Co., 32 Mo. 423; Lawther v. Agee, 34 Mo. 372, and all the cases therein cited, concur in sustaining the position that the motion under consideration was the proper remedy for the irregularity complained of, and that it was filed in proper time.

The judgment must therefore be affirmed. The other judges concur.