JOHN COSGROVE, Respondent, v. THE TEBO & NEOSHO RAILROAD COMPANY, Appellant.

1. *Practice, civil — Pleading — Notes — Suit brought on as upon account — Judgment must be at next term.* —In an action to recover the amount named in certain certificates of indebtedness, where the petition, instead of declaring directly upon the certificates as notes, set forth a cause of action in account for work and labor done and performed, and referred to the certificates merely as evidence and as exhibits, plaintiff would have no right — answer having been filed — to take judgment at the return term.

*Appeal from Cooper Circuit Court.*

*Hayden & Tompkins* and *Adams & Son*, for appellant.

*John Cosgrove* and *J. W. Draffin*, for respondent.

WAGNER, Judge, delivered the opinion of the court.

The cause of action in this case arose under the statute giving laborers the right to sue a railroad company when the contractor fails to pay them. (Wagn. Stat. 302, § 10.)

The suit was brought by the plaintiff against the defendant on twenty-four separate accounts assigned to him by laborers on the road. The sole question arising on the record, and which is assigned for error, is the action of the court in proceeding with the trial and giving judgment at the return term. To this the defendant objected, and upon the objection being overruled it abandoned the case.

After the requisite notice was given, the sub-contractor gave to each of the laborers a paper stating that a certain amount was due him ; these evidences of debt were transferred and assigned to the plaintiff. These evidences of debt, it is contended by the plaintiff, were in the nature of notes for the direct payment of money, and would authorize a judgment at the first term on a petition founded upon them. But this position is hardly correct. The papers given by the sub-contractor were not the notes of the company. Without undertaking to decide, however, what their precise character may be, it is sufficient to say that in this case they were not declared upon as notes or any other instruments for the direct payment of money.

The petition set out a cause of action in account for work and labor done and performed, and the certificates of indebtedness given by the sub-contractor were simply referred to as evidence and exhibits. The case comes within the decision of Smith v. Best, 42 Mo. 185. The plaintiff elected to declare upon the original cause of action and bring his petition upon an account, and he must therefore abide by the rules of pleading in such cases. When the answer was filed the law continued the case till the next term for trial. Wherefore the judgment will be reversed and the cause remanded. Judge Bliss concurs. Judge Adams not sitting.