R. M. RANKIN, Respondent, v. J. E. LAWTON ET AL., Appellants.

### May 5, 1885.

1. APPELLATE PRACTICE—REVIEWABLE MATTERS—Errors not appearing on the face of the record proper will not be reviewed on appeal, where no motion for a new trial or in arrest of judgment appears to have been filed.

2. TRIAL PRACTICE—JURISDICTION.—The circuit court may, for irregularity or mistake, set aside a judgment rendered by it at any time during the term.

3. ———For irregularities appearing on the face of the record proper, the circuit court may set aside its judgment at any time within three years.

APPEAL from the St. Louis Circuit Court, BARCLAY, J. *Affirmed.*

FRANK M. ESTES, for the appellants: An erroneous or irregular judgment can be corrected upon motion.— *Smith* v. *Best*, 42 Mo. 188 ; *Randolph* v. *Sloan*, 58 Mo. 155 ; *Phillips* v. *Evans*, 64 Mo. 17.

C. P. & J. D. JOHNSON, for the respondent: Appellate courts will not interfere with the exercise of the trial court's discretion, unless it plainly appear that in-

justice has been done, and that its discretion has been exercised in an arbitrary manner.—*Faber* v. *Bremer*, 13 Mo. 541; *Griffin* v. *Veil*, 56 Mo. 310; *Eidemiller* v. *Kump*, 61 Mo. 342.

THOMPSON, J., delivered the opinion of the court.

This was a proceeding in the nature of a suit in equity to reopen a partnership settlement and surcharge the defendant in respect of a small item which the plaintiff alleged had been overlooked by mistake of the parties. In addition to a defence showing that the item in question had not been overlooked, the defendants in their answer pleaded another small item by way of counter-claim. At the trial, as the record recites, "by leave of court the defendants, by their attorney, dismissed their counter-claim in this cause, and said counter-claim is accordingly dismissed." The court submitted two special issues to a jury, and, upon a verdict responsive to each issue, subsequently rendered a judgment in favor of the plaintiff. No motion was filed for a new trial or in arrest of judgment, and no exceptions were saved. Twelve days after the entry of the judgment, the defendant Lawton filed a motion, supported by affidavit, for a stay of execution on the judgment, on the ground that the court had erred in ruling that the offset was not a proper defence and in rendering judgment for a specific sum of money and further, that, since the rendition of the verdict, one Kammerer had summoned the defendant Lawton as a garnishee of the plaintiff. The court overruled this motion, on grounds which need not be stated, because they are sufficiently obvious. On the same day the defendants filed a motion to set aside the judgment, on the ground that it was erroneous and irregular in the respects stated in the motion to stay the execution, and also because it was not responsive to the pleadings, and because the pleadings and evidence disclosed the fact that the parties, plaintiff and defendant, had mutual demands which had been overlooked in their settlement, and said judgment should have been to the effect that

another accounting between the parties be had. The court also overruled this motion, and the defendants have appealed.

It is obvious from the foregoing statement that this appeal brings nothing before us for revision except errors appearing on the face of the record *proper.—Bevin* v. *Powell*, 11 Mo. App. 216. No such errors appear. The judgment was responsive to the pleadings. The record does not show that the court excluded the set-off against the objections of the defendants ; but if it did the error could not be corrected here, as no exception was saved, and as no motion for a new trial was asked for on that or any other ground. The fact that since the rendition of the verdict upon which this judgment was predicated, the defendant Lawton had been summoned as a garnishee to answer in respect of a debt due by the plaintiff, his creditor, to a third party, furnished no ground for staying the execution, upon any rule with which we are acquainted. During the term the court no doubt had a discretion to set aside the judgment for irregularity or mistake (*Doan* v. *Holly*, 27 Mo. 256 ; *Smith* v. *Best*, 42 Mo. 185 ; *Lawther* v. *Agee*, 34 Mo. 372 ); or even at a subsequent term, for irregularities which appear on the face of the record, though not for erroneous rulings, merely.—Rev. Stat., sec. 3727 ; *Harbor* v. *Pacific Ry. Co.*, 32 Mo. 423; *Brewer* v. *Dinwiddie*, 25 Mo. 351 ; *Phillips* v. *Evans*, 64 Mo. 17, 22. But, as no irregularity appears on the face of this record, the most that can be said concerning the court's action is, that the court may possibly have had a discretion to set aside the judgment for some mistake therein known to it, but not appearing upon the record before us, and hence not known to us. Obviously, we cannot say that, if the court had such a discretion in view of the facts which were in the breast of the judge before the close of the term, the court acted unjustly or oppressively in refusing to exercise it according to the prayer of the defendants.

The judgment will be affirmed. All the judges concur.