Theobold Anselm, Respondent, v. Charles S. Groby, Appellant.

St. Louis Court of Appeals, May 3, 1887.

Landlord and Tenant—Actions—When Triable.—An action of landlord's summons, certified to the circuit court by a justice of the peace, upon affidavit that it involves the title to real estate, is triable at the return term, even in counties which have forty thousand inhabitants or less.

Appeal from the St. Louis County Circuit Court, W. W. Edwards, Judge.

*Affirmed.*

Zach J. Mitchell, for the appellant.

George A. Castleman, for the respondent.

Rombauer, J., delivered the opinion of the court.

The only question, presented for our consideration by this appeal, is, whether an action upon a landlord's summons, certified by a justice of the peace to the circuit court, under the provisions of section 2931, of the Revised Statutes, is triable at the return term of the circuit court, or at a succeeding term.

The section provides that, in actions in which it appears by affidavit, or otherwise, that the title to real estate is involved, the justice "shall transmit all papers and process therein to the clerk of the circuit court of

his county, and the said case shall be docketed, and the said court shall be possessed of the said cause, and proceed therewith, without regard to the amount in controversy, or any error in the decision of the justice in certifying the said cause to the said court, as if originally commenced therein."

The plaintiff sued the defendant by landlord's summons. The defendant first removed the cause to another justice by change of venue, and thence, by affidavit of title, to the circuit court. The latter court proceeded to try the cause at the return term, against the defendant's objection, who claimed that it was triable at the succeeding term only, and rendered judgment therein, from which this appeal is prosecuted.

The statute provides that, in all counties having forty thousand inhabitants, or less than that number (St. Louis county being one of these), all suits, founded upon bonds, bills of exchange, or promissory notes, shall be determined at the term at which the defendant is required to appear. It makes no provision in regard to other causes except as to pleading. But as *all cases* in counties having more than forty thousand inhabitants are triable at the return term, the courts have construed this section to mean that, in counties having less than that number of inhabitants, all other cases, except those hereinbefore mentioned, are triable at the term succeeding the return term only. *Cosgrove v. Railroad*, 50 Mo. 271.

The appellant contends that, because section 2931, above referred to, provides that the circuit court shall be possessed of the cause certified, "and proceed therewith * * * as if originally commenced therein," this cause, by analogy, was not triable at the return term. This construction loses sight entirely of the reason which makes actions, other than those on bills and notes, in small counties, triable at the second term only, according to the judicial interpretation of the statute. The defendant has, in cases other than those on bills and

notes, six days to plead ; and as the time for bringing
the cause to issue in most cases consumes the entire
term, it was deemed unwise to make such cases triable
at the first term in counties where the terms of court
are of short duration.

No pleadings are required in a case like this, and
no valid reason could be assigned why it should not be
triable at the first or return term, at which term all
appeals from justices of the peace, for the same reason,
are made triable, by section 3054, of the Revised Stat-
utes.

But the construction placed by the appellant upon
section 2931 is misconceived in another respect; the
words, "proceed therewith, as if originally commenced
therein," have reference to a disregard of the amount
in controversy, and of any errors of the justice in cer-
tifying the cause, as appears, incontestably, from the
context of the whole section.  To give the clause the
interpretation claimed for it by the appellant would vir-
tually make these causes triable, as other causes com-
menced by summons, upon pleadings framed according
to the rule applicable to courts of record, which the
legislature never intended.  Nor can it justly be as-
sumed that the legislature intended that it should be in
the power of any defendant, in an action of landlord's
summons, which is a summary remedy, to delay the
trial for a year, without any security, upon his bare affi-
davit alone.

As this is the only point in the case, and is without
merit, the judgment, with the concurrence of Thompson,
J is affirmed.   Lewis, P. J., is absent.