(Decided 18th December, 1889.)

## ADOLPH H. SIEWERD *vs.* JOSEPH L. FARNEN.

*Practice—Judgment Irregularly Entered, Stricken out.*

A suit was instituted and an attorney appeared for the defendants, who were partners, and filed pleas denying the plaintiff's case. A commission was issued to New Orleans to take the testimony of one of the defendants. The commission and testimony were returned. The case not being tried went on the *stet* docket. Subsequently defendants' attorney ordered his appearance to be stricken out. A rule was laid on the defendants to employ new counsel, and the writ issued thereupon was returned "*non sunt.*" Under a rule of Court, when a case is on the *stet* docket, counsel may compel the opposite party to proceed to trial by giving five days notice in writing to be served on the attorney of record of the party to be affected by it, or left at his office, or set up in some conspicuous place in the clerk's office if there be no appearance by attorney, or served on the opposite party personally. No such notice as thus required was given, but plaintiff's counsel delivered to the sheriff, to be served on the defendants, a written

notice of his intention to call the case for trial after the expira-
tion of five days from the date thereof; and subsequently a like
notice was placed in the hands of the sheriff. Each of these
was returned "*non sunt* ;" and seven days after the date of the
last notice, the suit was prosecuted *ex parte*, and verdict and
judgment were given for the plaintiff. The partnership of the
defendants had been dissolved more than four years when the
judgment was entered, and the responsible partner lived in New
Orleans at the time. He had no notice that the appearance of
the defendants' attorney had been stricken out, and concluded
that the suit had been abandoned on the part of the plaintiff, or
had been successfully resisted. As soon as he had notice of the
entry of judgment, a motion was made to have it stricken out,
and he made oath that he had a good and substantial defence.
HELD:

That under such circumstances the judgment should be stricken out,
and the case tried on its merits.

APPEAL from the Court of Common Pleas.

The case is stated in the opinion of the Court.

The cause was argued for the appellant before ALVEY,
C. J., STONE, ROBINSON, BRYAN, and McSHERRY, J., and
submitted on brief for the appellee.

*Frederick W. Brune,* and \**Arthur George Brown,* for
the appellant.

*D. Meredith Reese,* for the appellee.

ROBINSON, J., delivered the opinion of the Court.

We all agree that the judgment below must be stricken
out. It must be stricken out because, the case having
gone on the *stet* docket, there was no appearance of
record for the defendants when the judgment was en-
tered; nor was there any notice, either actual or con-

---

\*Mr. Brown did not participate in the argument, as counsel for the appellee sub-
mitted on brief.

structive, of the trial of the case such as is required by the rules of the Court.

The suit was brought at the September Term, 1882, by the appellee against the appellant and his brother, trading as F. H. Siewerd & Bro., for wages as clerk and book-keeper, alleging he had been discharged without cause before the expiration of the year. Mr. Henninghausen appeared for the defendants, and filed pleas denying the plaintiff's case. Thereupon a commission to take appellant's testimony was issued to New Orleans, where he has resided for over twenty years; and on the 28th of December, 1882, the commission and testimony were returned. The case, not being tried, went on the *stet* docket, and no further entry appears till the 17th of February, 1886, when Mr. Henninghausen ordered his appearance to be stricken out. On the 29th March following, a rule was laid on the defendants to employ new counsel, and the writ issued thereupon was returned *"non sunt."*

Now, by the rules of the Court, it appears that when a case is on the *stet* docket, counsel may compel the opposite party to proceed to trial by giving such party five days' notice in writing, which notice must be served on the attorney of record of the party to be affected by it, or left at his office; and if there be no appearance of attorney, then the notice must be set up in some conspicuous place in the clerk's office, or be served personally on such party. Rules 29 and 11.

No such notice as is thus required by the rules of the Court was given in this case. The appellee's counsel did however deliver to the sheriff, to be served on the defendants, a written notice of his intention to call the case for trial after the expiration of five days from the date thereof, and on the 11th May, 1887, a like notice was placed in the hands of the sheriff. Each of these notices was returned by the sheriff *"non sunt;"* and on

the 18th May, seven days after the date of the last notice, a jury was sworn *ex parte* and verdict was rendered and judgment entered for the plaintiff. Here is a judgment, then, rendered in a case on the *stet docket*, in which there was *no appearance of record* for the defendants, and without the *notice actual or constructive* required by the rules of the Court.

It can hardly be necessary to say that Courts, in the exercise of a *quasi* equitable jurisdiction, will set aside a judgment after the expiration of the term, on the ground of *fraud, surprise or irregularity,* unless there has been *acquiescence or unreasonable delay* on the part of one seeking the relief. Now, in this case, it must be admitted that there was *irregularity* at least as to the manner in which this judgment was entered, and there is no proof whatever of acquiescence or laches on the part of the appellant. It was entered more than four years after the dissolution of the partnership, and more than two years after Ferdinand H. Siewerd, the resident partner, had left the city. The appellant, who furnished the capital, and seems to have been the responsible partner, lived in New Orleans, when the suit was brought, and when the judgment was entered. He had no notice whatever of Mr. Henninghausen's appearance having been struck out, and had concluded that the suit had been abandoned on the part of the plaintiff, or had been successfully resisted. The motion to strike out the judgment was made so soon as he had notice it had been entered, and he makes oath that he has a good and substantial defence. Under such circumstances as these, the judgment ought, we think, to be stricken out, in order that the case may be tried on its merits.

*Order reversed, and*
*cause remanded.*

(Decided 18th December, 1889.)