21 P.(2d) 84

## EALY v. McGAHEN.

### No. 3729.

Supreme Court of New Mexico.

April 5, 1933.

Walter W. Mayes, of Clovis, for appellant.

Otto Smith and Richard E. Manson, both of Clovis, for appellee.

ZINN, Justice.

The appellant, on July 25, 1930, brought suit in the district court of Curry county, N. M., to foreclose a lien for building material furnished to one C. E. Houston, and used in the erection and repair of a dwelling located on lot 2 and the north half of lot 3 in block 10 in West Clovis addition to Clovis, Curry county, N. M., amounting to $700.67.

. The record shows that on the 29th day of March, 1930, the plaintiff filed in the office of the county clerk of Curry county a notice of lien, which was duly recorded, but which notice, however, described the real estate as lot 2, block 11, West Clovis addition, rather than lot 2 and the north half of lot

3, block 10, and that, upon discovery of the mistaken description, the plaintiff corrected the notice of lien, and refiled the same for recording in the office of the county clerk of Curry county on the 2d day of May, 1930, which corrected notice, without being reacknowledged, was duly recorded. During the month of April, 1930, the said C. E. Houston conveyed said real estate to the appellee. Both Houston and appellee were defendants below, and both were personally served with summons, and copy of the complaint on July 26, 1930.

On August 28, 1930, a certificate of default was filed as to the appellee, and on October 3, 1930, a final decree was entered against her for the full amount prayed for, granting the appellant a lien upon the premises and decreeing foreclosure under said lien. On October 3, 1930, the plaintiff dismissed as to Houston. On December 2, 1930, a motion was filed by the appellee to set aside the default judgment, and on said date the court entered an order setting aside the final judgment and decree aforesaid. On December 9, 1930, the appellant filed a motion to set aside the order entered on December 2, 1930, vacating the judgment, for the reason that no affidavit of merit was filed with the motion to vacate the decree and judgment, and no showing of diligence or lawful reason for failure to answer, and that no answer was tendered with the motion, or any showing to justify the setting aside of the default judgment. On the 22d day of December, 1930, the court acted on said motion to set aside the order entered on December 2, 1930, vacating the judgment, and reinstated the original judgment and decree. The special commissioner theretofore appointed by the court to conduct the sale under foreclosure proceeded with the sale, and on December 22, 1930, sold the premises in question to the appellant, which sale was approved by the court on February 3, 1931.

On April 23, 1931, the appellee filed a motion to vacate the final judgment and decree for the reason that the changed and refiled notice had not been reacknowledged before the same was refiled and recorded, and for the further reason that the claim of lien included some nonlienable and duplicate items in the sum of $217.52, and interest in the sum of $25, all of which items were included in the judgment, and therefore constituted a fraud upon the appellee sufficient to authorize the setting aside of the judgment for irregularities.

On July 22, 1931, the motion of the appellee to set aside and vacate the final decree and judgment for irregularities came on to be heard before the court, and the court ruled that the failure to reacknowledge or reverify the corrected notice of lien was such an irregularity as to necessitate vacating the final decree and judgment.

The court further found that the item of interest, being in the sum of $25, was not chargeable and could not be recovered in the lien, and was included in the judgment though the same was a nonlienable item, and that such inclusion might be assumed by

the court to be willful and intentional, and was also such an irregularity to entitle the appellee to have said judgment set aside, and did so order.

From which order vacating the final judgment, the appellant is here praying for a reversal.

■ The appellant's contention that a default judgment cannot be vacated after the expiration of sixty days for any cause is without merit.

This question has been specifically decided in the case of Ortega v. Vigil, 22 N. M. 18, 158 P. 487, 488, where it was contended that section 4227, Code of 1915, which is now section 105-843 of the New Mexico Statutes Annotated, Compilation of 1929, was exclusive so far as default judgments are concerned.

This court said: "We cannot agree with appellant's contention. The object of the Legislature in the enactment of section 4227, supra, was to provide for the setting aside of default judgments 'upon good cause shown,' and this 'good cause' may consist of many facts and circumstances which would not amount to an 'irregularity.' Section 4230 made ample provision for the setting aside of judgments for irregularities, but affords no relief from a default judgment where good cause may be shown for its vacation, other than an irregularity. Hence we conclude that a default judgment may be set aside for irregularity, on motion filed at any time within one year after its rendition." Ortega v. Vigil, 22 N. M. 18, page 20, 158 P. 487.

Section 105-846 of the New Mexico Statutes Annotated, 1929 Compilation, which is as follows: "Judgments may be set aside for irregularity, on motion filed at any time within one year after the rendition thereof"— plainly applies to all judgments, whether entered on default or otherwise, and provides that judgments may be set aside for irregularity at any time within one year after rendition. Weaver v. Weaver, 16 N. M. 98, at page 106, 113 P. 599; Fullen v. Fullen, 21 N. M. 212, at page 233, 153 P. 294.

If the trial court was justified in setting aside the judgment in question on the ground of irregularity as contemplated by section 105-846, supra, we are not concerned with the question of whether or not the original judgment was a default judgment. Northcutt v. King et al., 23 N. M. 515, at page 517, 169 P. 473.

The only question of merit presented for our consideration in this case is whether or not, pursuant to section 105-846, supra, the court on July 22, 1931, acted properly in vacating its original judgment and decree of foreclosure, for the reason that the materialman's lien was not reacknowledged before the same was refiled and re-recorded after the description was corrected and because of the inclusion of interest in the sum of $25, being a nonlienable item in said lien, which nonlienable item was included in the judgment.

The court in this case had jurisdiction of the parties and the subject-matter. The appellant's complaint is in due and proper form.

250

The appellee had actual knowledge of the pendency of the suit, having been personally served with summons and complaint, but permitted judgment to go against her without pleading to the complaint. The judgment was regularly rendered.

Apparently the judgment could not be vacated under section 105-801, 1929 Compilation, which restored to district courts, during the period of 30 days, the control which they formerly had over their judgments during term time.

The motion to vacate was interposed more than 60 days after entry of judgment, and was therefore not within the provisions of section 105-843, authorizing vacating for good cause a default judgment rendered out of term time on motion filed within 60 days.

This case does not come within the ruling of this court in the case of Kerr v. Southwest Fluorite Co. et al., 35 N. M.' 232, 294 P. 324, where the court held that statutes limiting time for opening or vacating final judgments do not apply to cases of extrinsic fraud or collusion, inasmuch as, the court below did not vacate the judgment because of fraud or make any finding of fraud. The court did say that he might assume that the item of interest was willfully and intentionally inserted in the notice of lien, but he did not so assume, and held that the insertion of the interest item was irregular and as such would vitiate the judgment.

▉ The court apparently held that the appellant was not entitled to interest. There certainly was no fraud practiced in the matter, and it was simply an error of law upon the part of the court in granting judgment for this item of interest in the first instance, and we do not think that a motion to vacate the judgment is proper proceeding for the purpose of correcting an error of law. Section 105-846, supra, does not include an "error of law," merely irregularities.

▉ The power of the court to vacate judgments on account of irregularities within section 105-846, supra, on motion, is not intended to be used as a means for the court to review or revise its own final judgments to correct errors of law into which it may have fallen. Where an action or suit is regularly commenced and prosecuted, judgment regularly entered, even though by default, the defendant cannot thereafter on motion vacate such judgment on the ground of the existence of a complete defense to the action, which defense was available to the defendant before the entry of the judgment.

Trial courts cannot be permitted within the year referred to in section 105-846, supra, to change, correct, review, and revise final judgments first in behalf of one and then the other party to the suit in order to correct errors of law or fact in the rendition of the judgment which is otherwise regular. If that be permitted, litigation until a final conclusive judgment, beyond change, is rendered would become more vexatious and more intolerable than the wrong which the plaintiff is seeking to redress.

Litigation must eventually end, either by nonsuit, judgment, or otherwise. Were it not so, no matter how enjoyable or profitable litigation might be to some, a suit could be prolonged beyond the three score and ten allotted to the life of man. Dilatory motions, judgment, rehearing, motion to vacate judgment, motion to reinstate judgment, motion to vacate order reinstating judgment, appeal, rehearing, etc., until it became so vexatious that justice would be denied because delayed.

■ There is a clear distinction between regular, void, erroneous, and irregular judgments in law, and the remedies afforded for correcting errors in them are accurately and clearly stated by the Supreme Court of North Carolina, as follows: "Judgments may be void, irregular, or erroneous. A void judgment is one that has merely semblance, without some essential element or elements, as where the court purporting to render it has not jurisdiction. An irregular judgment is one entered contrary to the course of the court, contrary to the method of procedure and practice under it allowed by law in some material respect, as if the court gave judgment without the intervention of a jury in a case where the party complaining was entitled to a jury trial, and did not waive his right to the same. Vass v. Building Association, 91 N. C. 55; McKee v. Angel, 90 N. C. 60. An erroneous judgment is one rendered contrary to law. The latter cannot be attacked collaterally at all, but it must remain and have effect until by appeal to a court of errors it shall be reversed or modified. An irregular judgment may originally and generally be set aside by a motion for the purpose in the action. This is so because in such case a judgment was entered contrary to the course of the court by inadvertence, mistake, or the like. A void judgment is without life or force, and the court will quash it on motion, or ex mero motu. Indeed, when it appears to be void it may and will be ignored everywhere, and treated as a mere nullity." Moore v. Packer, 174 N. C. 665, 94 S. E. 449, at page 450.

■ Final judgments cannot be set aside under any and all pretexts or claims. When a claim or demand ripens into a regular and valid judgment, it becomes an established right which must be protected not only by the court which rendered the judgment, but by all courts.

■ Final judgments are conclusive as to the claim or demand in controversy as to the parties in the suit and those in privity with them, not only as to every matter which was offered to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. Public policy requires that there be an end to litigation and that rights once established by a final judgment shall not again be litigated in any subsequent proceeding.

We have held, and rightly: "It (the judgment) is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to

sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. Thus, for example, a judgment rendered upon a promissory note is conclusive as to the validity of the instrument and the amount due upon it, although it be subsequently alleged that perfect defenses actually existed, of which no proof was offered, such as forgery, want of consideration, or payment. If such defenses were not presented in the action, and established by competent evidence the subsequent allegation of their existence is of no legal consequence. The judgment is as conclusive, so far as future proceedings at law are concerned, as though the defenses never existed. The language, therefore, which is so often used, that a judgment estops not only as to every ground of recovery or defense actually presented in the action, but also as to every ground which might have been presented, is strictly accurate, when applied to the demand or claim in controversy. Such demand or claim, having passed into judgment, cannot again be brought into litigation between the parties in proceedings at law upon any ground whatever. Bowers v. Brazell, 27 N. M. 685, at page 689, 205 P. 715, 716.

True, as the appellee contends, the power to vacate judgments is a power inherent in and to be exercised by the court which rendered the judgment, and such power is possessed by the court as a part of its necessary machinery for the administration of justice. Yet the power to vacate judgments for irregularities is regulated by statute in this state.

If the judgment is erroneous, a proper remedy to correct said error is provided. That is also true of void judgments and irregular judgments.

We are here not concerned with erroneous or void judgments, but irregularities justifying the vacating of a judgment regularly entered.

Section 105-846, supra, is the statute which regulates the time, manner, and grounds for vacating judgments on account of irregularities.

This statute is clear, distinct, and brief, giving a simple, speedy, and effective method of procuring the vacation of judgments rendered irregularly, and is well calculated to promote the interests of justice with the least cost and trouble to litigants. The time within which the motion must be made is one year after the rendition of the judgment, the grounds upon which the motion is based must be irregularities in the rendition of the judgment, and the method of proceeding is by way of motion.

In this case the judgment was vacated because of "irregularities." Irregularities in the rendition of judgments, and for which judgments can be set aside and vacated, have a well defined meaning and distinction, and have been defined and distinguished not only by our court, but by the text-writers and courts of last resort in other jurisdictions.

Irregularity in obtaining a judgment is ground for relief under the statutes of many

states. In Missouri, its Code of Civil Procedure, section 1101 of chapter 5, article 18, of the Revised Statutes of Missouri, 1929 (Mo. St. Ann. § 1101), provides for vacating judgments for irregularity, on motion, within three years.

The courts of Missouri have frequently and often been called upon to determine what constitutes "irregularities" within the meaning of its statute. Justice Albert D. Nortoni of St. Louis Court of Appeals, in a decision rendered May 12, 1908, in construing the Missouri law, said: "And so it is a motion to set aside a judgment for irregularity that contemplated by the statute, supra, is available as a remedy only in those cases where there is some irregularity appearing in the judgment itself or on the face of the proceeding antecedent thereto. And, while this irregularity need not be one which would render the judgment absolutely void, and therefore subject to be defeated on collateral attack, it must be one which indicates at least that the judgment was given contrary, in some material respect, to the established form and mode of procedure for the orderly administration of justice. An irregularity in the sense of the law may be said to be a want of adherence to some prescribed rule or mode of procedure, consisting either in omitting to do something that is necessary for the due and orderly conduct of the suit, or in doing it at an unseasonable time or in an improper manner. Tidd's Practice (4th Am. Ed.) 512; Downing v. Still, 43 Mo. 309; Clowser v. Noland, 72 Mo. App. 217–219;

Reed Bros. v. Nicholson, 93 Mo. App. 29–35. Illustrative of such irregularities as will authorize the vacation of a judgment, an instance appearing frequently in the books is where the judgment had been given for plaintiff by default for a failure to plead at a day of the term before plaintiff was entitled to it. Branstetter v. Rives, 34 Mo. 318. See, also, Reed Bros. v. Nicholson, 93 Mo. App. 29; Smith v. Best, 42 Mo. 185. And so, too, when both final and interlocutory judgment by default taken at the same term in a suit not founded upon a bond, bill, or note for the direct payment of money were determined to be irregularities which authorized the court to set aside the judgment at a subsequent term. Lawther v. Agee, 34 Mo. 372. A judgment entered on the merits by default while a demurrer or answer were on file and not disposed of has been determined to be an irregularity for which the judgment should be set aside at a subsequent term. Norman v. Hooker, 35 Mo. 366; Follett v. Alexander, 58 Ohio St. 202, 50 N. E. 720; Oliphant v. Whitney, 34 Cal. 25. See, also, 1 Black on Judgments (2d Ed.) 326. Rendering a judgment for an amount in excess of the penal provisions of a bond in suit is an irregularity for which the judgment may be set aside on motion at a subsequent term. Showles v. Freeman, 81 Mo. 540. A cause was referred, and the referee failed to report for a considerable time after the report was due. During the interim appellee induced the court to affirm the judgment of the justice, for the reason the appeal was not pros-

ecuted. At a subsequent term the court set this judgment of affirmance aside as for irregularity, and this action was affirmed by the Supreme Court. Stacker v. Cooper Circuit Court, 25 Mo. 401. It will be noted in all of these cases the irregularity appeared on the face of the proceeding, and was discoverable without evidence aliunde or dehors the record. For numerous other authorities dealing with such motions to the same effect, see Brewer v. Dinwiddie, 25 Mo. 351; Doan v. Holly, 27 Mo. 256; Phillips v. Evans, 64 Mo. 17; Harkness v. Austin, 36 Mo. 47; Burgess v. Hitt, 21 Mo. App. 313; State ex rel. Ozark County v. Tate, 109 Mo. 265, 18 S. W. 1088, 32 Am. St. Rep. 664; State ex rel. Waters v. Hunter, 98 Mo. 386, 11 S. W. 756; Rankin v. Lawton, 17 Mo. App. 574; Halsey v. Meinrath, 54 Mo. App. 335; Hirsh v. Weisberger, 44 Mo. App. 506; Siewerd v. Farnen, 71 Md. 627, 18 A. 968. On the other hand, it has been determined in numerous cases, of which Harbor v. Pacific Railway Co., 32 Mo. 423, indicates the class, that, however erroneous a proceeding may be, if it be regular, after the manner of the prescribed methods and modes of procedure, the judgment will not be set aside at a subsequent term on motion as for irregularities. See, also, in this connection, Phillips v. Evans, 64 Mo. 17, and Heffernan v. Ragsdale, 199 Mo. 375, 97 S. W. 890, where it is pointed out the irregularity must appear on the face of the proceeding, and that it is not permissible to investigate from evidence aliunde or dehors the record in such cases." Cross et al.

v. Gould et al., 131 Mo. App. 585, 110 S. W. 672, at page 676.

■ In construing the term "irregularity" within the meaning of section 105-846, supra, we have held it to be the want of adherence to some prescribed rule or mode of proceeding; and it consists either in omitting to do something that is necessary for the due and orderly conduct of a suit, or doing it in an unseasonable time or improper manner. It is a departure from some prescribed rule or regulation. Coulter v. Board of Commissioners, 22 N. M. 24, at page 27, 158 P. 1086. And again:

"Mr. Justice Roberts, in the case of Coulter v. Board of County Commissioners of Bernalillo County, 22 N. M. 24, 158 P. 1086, defines the term 'irregularity' as follows:

" 'The term "irregularity" is defined to be the want of adherence to some prescribed rule or mode of proceeding; and it consists either in omitting to do something that is necessary for the due and orderly conducting of a suit, or doing it in an unseasonable time or improper manner. It is a departure from some prescribed rule or regulation.'

"Black on Judgments, § 170, says: 'The irregular judgment is one which is rendered contrary to the course of law and practice of the courts.'

"In view of these definitions of an irregular judgment, it remains to be determined whether or not the judgment vacated by the court in this case fell within these defini-

tions." Northcutt v. King et al., 23 N. M. 515, at page 518, 169 P. 473, 474.

■ Does the judgment vacated by the court in this case fall within the definitions of "irregularity" as heretofore construed and defined by this court?

In this case no fraud has been shown. The appellant filed and recorded his notice of lien, and then by interlineation corrected the description of the property to be charged with said lien and without a new acknowledgment or verification refiled and re-recorded the same in the office of the county clerk. In the appellant's complaint his actions in this respect are thoroughly disclosed and not concealed, and the appellant therein requested the court to correct said mistake and error in description to conform to the correct description.

■ The inclusion of $25 as interest, a non-lienable item, is not an irregularity within the meaning of section 105-846, supra, as defined by our court in the case of Coulter v. Board of Commissioners, supra. There was no failure to adhere to some prescribed rule or mode of proceeding, and there was no omission to do something that is necessary for the due and orderly conduct of a suit; neither was it the doing of something in an unseasonable time or improper manner, nor a departure from some prescribed rule or regulation.

The matters which the court below hold to be irregularities to justify vacating the final judgment and decree are apparently matters of defense, which the appellee might have urged seasonably in her defense and there adjudicated such questions, or else might have appealed to this court, but are not irregularities within the contemplation of the statute which would justify the vacating of a final judgment.

If matters which ought to be introduced as a defense to the original action can be offered as such irregularity to justify the vacating of a final judgment once granted, then no judgment could be considered final until after the expiration of one year from the entry of such judgment under section 105-846, supra.

■ A default judgment, properly granted, where the jurisdiction of the court is not questioned, as in this case, admits to be true all material allegations properly set forth in the complaint, and is an admission that the plaintiff is entitled to a judgment as prayed for by him, and is an admission upon the party in default which ties his hands to an extent that in any subsequent hearing in the case the court may deny him the right to introduce testimony or make a defense to the action.

For the reasons stated above, the district court erred on July 22, 1931, in vacating the judgment theretofore rendered, and the case is therefore reversed, with instructions to deny the motion to vacate said judgment and to reinstate the judgment. It is so ordered.

WATSON, C. J., and SADLER, HUDSPETH, and BICKLEY, JJ., concur.