This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**MATRIX FINANCIAL SERVICES CORP,**

  **Plaintiff-Appellant,**

**v.**              **No. 34,635**

**ADELE LARRIBAS,**

  **Defendant-Appellee,**

**and**

**ELAINE CHAVEZ, and if married,**
**JOHN DOE B (true name unknown), her spouse;**
**and SECRETARY OF HOUSING AND**
**URBAN DEVELOPMENT,**

  **Defendants.**

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Victor S. Lopez and Nan G. Nash, District Judges**

Little, Bradley & Nesbitt, P.A.
Sandra A. Brown
Lucinda R. Silva, Of Counsel
Albuquerque, NM

for Appellant

JRSPC, LLC
Joshua R. Simms
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**HANISEE, Judge.**

**{1}** Plaintiff-Appellant Matrix Financial Services Corporation (Matrix) appeals from the district court's order granting Defendant-Appellee Adele Larribas's (Larribas) motion to vacate foreclosure judgment due to lack of standing and dismissing Matrix's foreclosure complaint with prejudice. On appeal, Matrix argues that the district court erred in considering the motion in the first place; in granting the motion when Larribas failed to articulate her standing objections or otherwise respond or appear at the hearing regarding the same; in finding that standing had to be proven with a dated indorsement as of the filing of the complaint; in concluding that Matrix did not prove that it had standing as of the filing of the complaint based on the record presented; and in dismissing Matrix's foreclosure complaint *with* prejudice.

**{2}** As discussed more fully in this Opinion, our Supreme Court recently clarified that a party who fails to challenge standing prior to the completion of a trial on the merits, or while litigation is still active, waives his standing arguments. *See Deutsche Bank Nat'l Trust Co. v. Johnston*, No. 34,726, 2016 WL 852521, 2016-NMSC-013, ¶¶ 10-19, ___ P.3d ___. In light of this clarification, we hold that Larribas waived her right to challenge Matrix's evidence regarding standing because she failed to make

such a challenge prior to entry of the final judgment. Because resolution of this issue is dispositive of this appeal, we do not reach the remaining issues raised by Matrix. We reverse and remand with instructions to reinstate the vacated judgment.

**BACKGROUND**

{3} Matrix filed a complaint for foreclosure against Larribas, as well as other defendants not relevant to this appeal. Larribas filed an answer, asserting, *inter alia*, the affirmative defense that Matrix lacks standing to foreclose, without any explanation as to how or why Matrix lacks standing. Thereafter, Matrix filed a motion for summary judgment, including additional factual information and an affidavit attesting to its standing. Larribas did not respond to the motion and did not challenge the evidence Matrix provided to show that it did, in fact, have standing to bring the foreclosure complaint. A hearing was held on the motion for summary judgment, at which Larribas did not appear. The district court entered summary and default judgment in Matrix's favor. A special master's sale was held, and the district court entered an order approving the sale and the special master's report.

{4} Nearly four months after the summary and default judgment was entered, Larribas filed a motion to vacate the sale and declare the judgment void, challenging Matrix's standing pursuant to Rule 1-060(B) NMRA. Matrix responded to the motion and also filed an affidavit by its counsel regarding possession of the original note; an

affidavit by an authorized signer for Matrix, attesting to Matrix's standing at the time of filing the complaint; and a custodian's affidavit, attesting to Matrix's custodian's physical possession of the original note since 2004. Two hearings were held, at which Larribas presented no evidence and after which the district court nonetheless granted Larribas's motion. By its order, the district court vacated the foreclosure judgment and dismissed the foreclosure complaint with prejudice. Matrix appeals.

**DISCUSSION**

{5}     Matrix first argues that Larribas' motion to vacate does not meet the threshold requirement of timeliness and the district court erred in entertaining the untimely Rule 1-060(B)(4) motion and refusing to recognize and enforce the finality of the summary and default judgment. Our Supreme Court recently addressed this issue in *Johnston*, 2016-NMSC-013, ¶¶ 10-19.

{6}     In *Johnston*, the Supreme Court first explained and clarified New Mexico law on whether standing is jurisdictional. The Court explained that,

> [a]s a general rule, standing in our courts is not derived from the state constitution, and is not jurisdictional. However, when a statute creates a cause of action and designates who may sue, the issue of standing becomes interwoven with that of subject matter jurisdiction. Standing then becomes a jurisdictional prerequisite to an action. . . . [W]e take this opportunity to clarify . . . and hold that mortgage foreclosure actions are not created by statute. Therefore, the issue of standing in those cases cannot be jurisdictional.

4

*Id.* ¶ 11 (alteration, internal quotation marks, and citations omitted). Further, since a cause of action to enforce a promissory note was not created by statute, standing is not jurisdictional in such a case. *Id.* ¶ 10; *see also id.* ¶ 12 (explaining further). Accordingly, "only prudential rules of standing apply[.]" *Id.* ¶¶ 10, 12.

{7}    With regard to such prudential rules, the Court explained that, "[a]lthough the [Uniform Commercial Code's (UCC)] definition of who may enforce a note does not create a jurisdictional prerequisite . . ., it nonetheless guides our determination of whether the plaintiff can articulate a direct injury that the cause of action is intended to address." *Id.* ¶ 14. Specifically, a party seeking to enforce a negotiable instrument such as a promissory note, must "establish that it [falls] into one of the[ ] three statutory categories [in NMSA 1978, Section 55-3-301 (1992), identifying who is entitled to enforce an instrument,] that would establish both its right to enforce [the h]omeowner's promissory note and its basis for claiming that it suffered a direct injury from [the h]omeowner's alleged default on the note." *Johnston*, 2016-NMSC-013, ¶ 14.

{8}    The Court further stated that, because standing is not jurisdictional, the possibility remains that a homeowner can waive the issue. *Id.* ¶ 15. The Court then analogized arguments based on lack of prudential standing to asserting that a litigant

has failed to state a legal cause of action, and held that Rule 1-012(H)(2) NMRA applies to issues of prudential standing. *Johnston*, 2016-NMSC-013, ¶ 16.

Rule 1-012(H)(2) states:

> A defense of failure to state a claim upon which relief can be granted, a defense of failure to join a party indispensable under Rule 1-019 NMRA and an objection of failure to state a legal defense to a claim may be made in any pleading permitted or ordered under Rule 1-007 NMRA, or by motion for judgment on the pleadings, or at the trial on the merits.

Thus, as analogized, a defense that the plaintiff lacks standing "may be made in any pleading permitted or ordered under Rule 1-007, or by motion for judgment on the pleadings, or at the trial on the merits." In other words, a challenge to standing must be made prior to or at the trial on the merits, Rule 1-012(H)(2); *Johnston*, 2016-NMSC-013, ¶ 16, or at any point in an *active* litigation, *id.* ¶ 18 ("When standing is a prudential consideration, it can be raised for the first time at any point in an active litigation[.]"). Judgment on a motion for summary judgment necessarily precludes trial, so for purposes of applying Rule 1-012(H)(2) to a case in which summary judgment is granted, the entry of the final judgment serves as the ending point to active litigation. *See Paez v. Burlington N. Santa Fe Ry.*, 2015-NMCA-112, ¶ 26, 362 P.3d 116 ("The purpose of summary judgment is to pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required." (internal quotation marks and citation omitted)); *see also* Rule 1-060(B)(6)

(stating that "[a] motion under this paragraph does not affect the finality of a judgment or suspend its operation"); *Martinez v. Friede*, 2004-NMSC-006, ¶ 17, 135 N.M. 171, 86 P.3d 596 (noting that a district court's power to reopen judgment and grant a new trial under Rule 1-060(B) has "no effect on the parties' ability to calculate the time in which they must file their notice of appeal . . . because a motion under Rule 1-060(B) does not affect the finality of a judgment or suspend its operation" (internal quotation marks and citation omitted)), *superseded by rule on other grounds as stated in State v. Moreland*, 2008-NMSC-031, 144 N.M. 192, 185 P.3d 363; *cf. In re Estates of Hayes*, 1998-NMCA-136, ¶ 17, 125 N.M. 820, 965 P.2d 939 (stressing that, "if the time period for filing a notice of appeal on the underlying judgment has elapsed, a Rule 1-060(A) order does not establish a new time period for appealing the original judgment").

**{9}** The homeowner in *Johnston* did not waive standing because he raised the issue in a motion prior to trial. *Johnston*, 2016-NMSC-013, ¶ 17. Conversely, in the present case, Larribas filed her motion to vacate the judgment, only then challenging Matrix's evidence attesting to its standing, several months *after* the final judgment was entered. Because Larribas did not challenge Matrix's standing evidence until months after the litigation was no longer active, we conclude that Larribas waived her right to

challenge Matrix's prudential standing. *See Johnston*, 2016-NMSC-013, ¶¶ 15-19; Rule 1-012(H)(2).

{10}    Moreover and importantly, *Johnston* held that "a final judgment on any . . . cause of action [other than one that lacks standing as a jurisdictional matter], including an action to enforce a promissory note such as this case, *is not voidable under Rule 1-060(B)* due to a lack of prudential standing." *Johnston*, 2016-NMSC-013, ¶ 34 (emphasis added). Likewise, in the present case, the final judgment granting Matrix summary and default judgment is not voidable under Rule 1-060(B) due to a lack of prudential standing. *Johnston*, 2016-NMSC-013, ¶ 34; *see also Ealy v. McGahen*, 1933-NMSC-033, ¶ 19, 37 N.M. 246, 21 P.2d 84 ("Where an action or suit is regularly commenced and prosecuted, judgment regularly entered, even though by default, the defendant cannot thereafter on motion vacate such judgment on the ground of the existence of a complete defense to the action, which defense was available to the defendant before the entry of the judgment."). We therefore conclude that the district court erred in considering the merits of Larribas's post-final judgment, Rule 1-060(B) challenge to Matrix's prudential standing, and in granting Larribas's motion to vacate on such grounds.

**CONCLUSION**

{11}     For the foregoing reasons, we reverse the district court's order granting Larribas's motion to vacate, and we remand to the district court with instructions to reinstate the judgment and foreclosure complaint.

{12}     **IT IS SO ORDERED.**

_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Judge**

_____
**STEPHEN G. FRENCH, Judge**